UNITED STATES of America,
Plaintiff-Appellee,

v.

Mark Joseph HOLMES,
Defendant-Appellant.

No. 81-7307.

United States Court of Appeals,
Eleventh Circuit.

July 22, 1982.

---

John William Hammond, Marietta, Ga. (Court Appointed), for defendant-appellant.

James E. Baker, U. S. Atty., Julie Carnes, Asst. U. S. Atty., Atlanta, Ga., for plaintiff-appellee.

Before HILL and CLARK, Circuit Judges, and SCOTT*, District Judge.

PER CURIAM:

Mark Joseph Holmes was convicted by a jury in the United States District Court for the Northern District of Georgia on February 15, 1979, for violations of federal narcotics laws. On February 26, 1979, Holmes entered a guilty plea on a charge of possession of a firearm by a convicted felon. The district court set March 29, 1979, as the sentencing date for both charges. Holmes failed to appear on March 29 for the sentencing, however, and the district court issued a bench warrant for his arrest and declared Holmes' bail bond to be forfeited.

Holmes remained a fugitive until March 6, 1981, at which time law enforcement officers arrested Holmes in Buffalo, New York, and removed him to the Northern District of Georgia. On March 31, 1981, the district court sentenced Holmes to a total of seventeen years imprisonment. Holmes then brought this appeal from his convic-

tions on all counts. The government filed a motion before this court to dismiss the appeal on the ground that Holmes abandoned any appeal by becoming a fugitive for some two years after his convictions. On May 26, 1981, this court ordered that the government's motion to dismiss be carried with the case. The case was argued before this panel on June 29, 1982, with counsel addressing both the motion to dismiss and the issues raised by Holmes on appeal.

In support of its motion to dismiss, the government relies upon the following cases in which criminal appeals were dismissed because the defendant became a fugitive after filing a notice of appeal: *Molinaro v. New Jersey*, 396 U.S. 365, 90 S.Ct. 498, 24 L.Ed.2d 586 (1970); *Estelle v. Donough*, 420 U.S. 534, 95 S.Ct. 1173, 43 L.Ed.2d 377 (1975); *Estrada v. United States*, 585 F.2d 742 (5th Cir. 1978); *United States v. Smith*, 544 F.2d 832 (5th Cir. 1977); and *United States v. Shelton*, 508 F.2d 797 (5th Cir. 1975). The cases cited are distinguishable from the instant case because each involved a defendant who fled after filing a notice of appeal. In this case, on the other hand, Holmes fled after conviction but before sentencing and, thus, before filing a notice of appeal. The government contends, however, that the policy considerations underlying the dismissals in the cited cases justify dismissal in this case as well.

■ We hold that a defendant who flees after conviction, but before sentencing, waives his right to appeal from the conviction unless he can establish that his absence was due to matters completely beyond his control. Such a defendant does not waive his right to appeal from any alleged errors connected to his sentencing.

■ The right of appeal is purely a creature of statute, 28 U.S.C. § 1291, and is not guaranteed by the Constitution. *Abney v. United States*, 431 U.S. 651, 656, 97 S.Ct.

---

* Honorable Charles R. Scott, U. S. District Judge for the Middle District of Florida, sitting by designation.

2034, 2038, 52 L.Ed.2d 651 (1977). It may be waived by not filing a timely notice as required by the Federal Rules of Appellate Procedure or by abandonment through flight which may postpone filing a notice of appeal for years after conviction. Such untimeliness would make a meaningful appeal impossible in many cases. In case of a reversal, the government would obviously be prejudiced in locating witnesses and retrying the case.

The Supreme Court stated in *Molinaro, supra*:

> No persuasive reason exists why this Court should proceed to adjudicate the merits of a criminal case after the convicted defendant who has sought review escapes from the restraints upon him pursuant to the conviction. While such an escape does not strip the case of its character as an adjudicable case or controversy, we believe it disentitles the defendant to call upon the resources of the Court for determination of his claims.

396 U.S. at 366, 90 S.Ct. at 498–99. This reasoning is equally forceful whether the defendant flees before or after sentencing. Were we to hold otherwise, criminal defendants who flee prior to sentencing would be permitted upon apprehension to seek relief from the very legal system that they previously had seen fit only to defy. Such a result would fly in the face of common sense and sound reason. We hold that Holmes, by becoming a fugitive following his convictions, abandoned his right to pursue this appeal. Accordingly, the government's motion to dismiss the appeal is granted.

APPEAL DISMISSED.