**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Carl Jerry LONDON, Defendant-Appellant.**

**No. 83–5052.**

United States Court of Appeals, Eleventh Circuit.

Jan. 30, 1984.

Rehearing and Rehearing Denied March 1, 1984.

Dean & Hartman, P.A., Denis Dean, Miami, Fla., for defendant-appellant.

Stanley Marcus, U.S. Atty., Miami, Fla., Mervyn Hamburg, U.S. Dept. of Justice, Washington, D.C., for plaintiff-appellee.

Before VANCE and JOHNSON, Circuit Judges, and PITTMAN *, District Judge.

PITTMAN, District Judge:

The appellant Carl Jerry London absconded in late 1979 during the jury trial that began in September, 1979 and concluded in February, 1980 of twelve defendants involved in a marijuana smuggling organization known as "Black Tuna". *See United States v. Phillips,* 664 F.2d 971, 985 n. 1 (5th Cir.1981), *cert. denied,* 457 U.S. 1136, 102 S.Ct. 2965, 73 L.Ed.2d 1354 (1983). The twelve were charged in a one-hundred page superseding indictment containing thirty-six counts, covering the period from August, 1974 to April, 1978. Following his escape, London's trial was completed in absentia.[1] He was convicted of conspiracy to violate the Racketeer Influenced and Corrupt Organization Act (RICO), 18 U.S.C.

* Honorable Virgil Pittman, U.S. District Judge for the Southern District of Alabama, sitting by designation.

1. Under Fed.R.Crim.P. 43(b), a defendant may be tried in absentia when he "voluntarily absents himself after the trial has commenced." The power to continue trial in this situation is not without limitations. *See generally United States v. Benavides,* 596 F.2d 137 (5th Cir. 1979). The propriety of the present trial in absentia is not raised on this appeal.

§ 1962(d) (1976), and of perjury before a grand jury, 18 U.S.C. § 1623 (1976). The convicted co-defendants sought appellate review; this court affirmed their convictions in *Phillips.*

London was a fugitive until nearly three years after trial, when he was captured and returned to Florida for sentencing. In this appeal London challenges the sufficiency of the evidence. The government moves that this court dismiss the appeal because London became a fugitive during the trial. For the reasons set forth below, the government's motion is granted.

Appellate courts have dismissed appeals where the defendant escapes and remains fugitive subsequent to the filing of notice of appeal:

> No persuasive reason exists why this Court should proceed to adjudicate the merits of a criminal case after the convicted defendant who has sought review escapes from the restraints upon him pursuant to the conviction. While such an escape does not strip the case of its character as an adjudicable case or controversy, we believe it disentitles the defendant to call upon the resources of the Court for determination of his claims.

*Molinaro v. New Jersey,* 396 U.S. 365, 366, 90 S.Ct. 498, 24 L.Ed.2d 586 (1970) (per curiam). In *United States v. Holmes,* 680 F.2d 1372 (11th Cir.1982) (per curiam), *cert. denied,* —— U.S. ——, 103 S.Ct. 1259, 75 L.Ed.2d 486 (1983), this court, guided by *Molinaro,* held that where the defendant fled after conviction, but before sentencing, he likewise "waives his right to appeal from the conviction unless he can establish that his absence was due to matters completely beyond his control." *Id.* at 1374.

This case differs from *Holmes* principally in the fact that London fled during the trial rather than after the trial, a more aggravating circumstance under the rationale of *Molinaro.* The rationale of *Holmes* guides the decision in the present case to the same legal conclusion. It would be anomalous to hold that Holmes lost his right to appeal by fleeing after conviction but that London retains his right to appeal because he fled during trial. In neither situation has a final, appealable judgment been entered from which an appeal could be taken. In *Holmes* the escape disrupted the sentencing process and appellate review; in the present case the defendant disrupted a prolonged trial and flaunted his disregard for the orderly court procedures for the determination of whether he was guilty or not guilty.

Foremost among the myriad problems caused by a defendant who absconds during trial is the question of whether to declare a mistrial or to proceed with the trial of the defendant in absentia. The trial court's discretion to proceed in absentia under Fed. R.Crim.P. 43 is very narrow. *See United States v. Benavides,* 596 F.2d 137 (5th Cir. 1979).

> Whether the trial will proceed will depend upon the trial judge's determination of a complex of issues. He must weigh the likelihood that the trial could soon take place with the defendant present; the difficulty of rescheduling, particularly in multiple-defendant trials; the burden on the Government in having to undertake two trials, again particularly in multiple-defendant trials where the evidence against the defendants is often overlapping and more than one trial might keep the Government's witnesses in substantial jeopardy.

*United States v. Tortora,* 464 F.2d 1202, 1210 (2d Cir.), *cert. denied,* 409 U.S. 1063, 93 S.Ct. 554, 34 L.Ed.2d 516 (1972), *quoted in Benavides,* 596 F.2d at 139. For this reason, the situation created by a defendant who voluntarily absents himself during trial is even more problematic than those encountered when the defendant absconds after trial has concluded but before sentencing.

The conclusion we reach today in no way impairs the right of a defendant to appeal sentencing infirmities or the decision of a trial court to proceed in absentia. These questions are not raised by this appellant.

For the reasons set forth herein, the judgment of the district court is hereby AFFIRMED.

JOHNSON, Circuit Judge, dissenting:

I cannot argue with the assertion that *United States v. Holmes,* 680 F.2d 1372 (11th Cir.1982) (per curiam), *cert. denied,* —— U.S. ——, 103 S.Ct. 1259, 75 L.Ed.2d 486 (1983), stands as the law of this Circuit and permits the dismissal of appeals brought by those who become fugitives after they are convicted and before they are sentenced. I do argue, however, with the conclusion reached by the majority in this case that *Holmes* controls here where appellant fled during trial and before conviction, rather than after trial. The majority finds little difference between the two cases, and thus extends *Holmes* to these facts. I perceive substantial differences between these cases and would not extend *Holmes.*

When a defendant flees after his conviction, some basis exists for regarding his flight as the abandonment of any objections he may have to alleged errors in his trial. The convicted defendant who becomes a fugitive had the opportunity to observe the trial and detect challengeable errors. His decision to flee rather than remain to press an appeal reasonably can be regarded as a waiver of his right to appeal. This was the approach taken by the court in *Holmes.* 680 F.2d at 1374. When a defendant flees during trial, no such basis exists for implying a waiver of rights. The defendant who is tried in absentia[1] is unaware of any errors committed in his absence. He legitimately expects that his trial will be conducted in accordance with the requirements of due process. If gross constitutional errors occur at trial—errors of which the defendant has no knowledge—this Court cannot reasonably infer a waiver of the right to appeal those errors. Yet, under the rule adopted by the majority, the defendant convicted in absentia could not appeal his conviction even if his trial was infected by the most flagrant constitutional violations. Implication of an abandonment and waiver in this instance seriously undermines the constitutional protections applicable in criminal trials.

The majority argues that the same concerns that led to a dismissal of the appeal in *Holmes* are present in *London* —disruption of sentencing and appeal processes, and of a prolonged trial in *London,* and the flaunting by the defendant of disrespect for the orderly procedures of the court. These concerns, which led the Court in *Holmes* to imply a waiver of rights, lead the Court here to the same conclusion. Rather than suggesting to me the appropriateness of extending *Holmes* to this case, these concerns and the Court's implication of waiver lead me to question the correctness of the *Holmes* decision itself.

The Court's reasoning in *Holmes* started with the recognized principle that, when a criminal defendant becomes a fugitive *after filing an appeal,* the appellate court in its discretion may dismiss the appeal. 680 F.2d at 1373. Courts enunciating this principle have identified two purposes behind it. First, it discourages escape. *See Estelle v. Dorrough,* 420 U.S. 534, 537, 95 S.Ct. 1173, 1175, 43 L.Ed.2d 377 (1975) (per curiam). Second, "it promotes the efficient, dignified operation of [courts of appeal]." *Id.; see also Molinaro v. New Jersey,* 396 U.S. 365, 366, 90 S.Ct. 498, 24 L.Ed.2d 586 (1970) (per curiam) (escape "disentitles the defendant to call upon the resources of the Court for determination of his claims"). Binding precedent of this Circuit, which permits dismissal of appeals of escaped appellants, emphasizes that escape after appeal constitutes an abuse of the process of this court, *see United States v. Shelton,* 508 F.2d 797, 799 (5th Cir.), *cert. denied,* 423 U.S. 828, 96 S.Ct. 45, 46 L.Ed.2d 44 (1975), and approves the policy of dismissing the appeals of those who flout the appellate process by escaping while the appeal is pending, *see Joensen v. Wainwright,* 615 F.2d 1077, 1079–80 (5th Cir.1980).

These cases emphasize that abuse of the appellate process is the justification for dismissal and thus suggest that pendency of an appeal is a critical element in the deci-

---

1. London was tried in absentia. The majority does not indicate whether it would permit the dismissal of an appeal by one who escapes during or before trial and whose trial is postponed until the defendant's capture. Under the reasoning of the majority, the right of appeal also could be denied in such a case.

sion to dismiss. Because a final judgment normally is required for an appeal in a criminal case and sentencing is a prerequisite to a final judgment, no appeal can be filed until the defendant has been sentenced. *United States v. Mulherin,* 710 F.2d 731, 743 (11th Cir.1983) (citing *United States v. Wilson,* 440 F.2d 1103, 1104 (5th Cir.), *cert. denied,* 404 U.S. 882, 92 S.Ct. 210, 30 L.Ed.2d 163 (1971)). Thus, the courts' central concern about abuse of the appellate process cannot be implicated in any case in which the defendant flees before sentencing or, indeed, before filing a notice of appeal. This concern is implicated in neither *Holmes* nor *London,* and in neither case should the appeal have been dismissed. Far from extending *Holmes* to this case, I would strictly limit its holding to the facts there presented.

Although I would permit London to press his appeal in this case, I would affirm the judgment of the court below on all questions raised by the appeal. My feeling that London has a right to present those claims on appeal is the sole basis for this dissent.[2]

---

**2.** *See United States v. Phillips,* 664 F.2d 971 (5th Cir. Unit B 1981) (Circuit Judges *Frank M.* *Johnson, Jr.,* and Joseph W. Hatchett and District Judge Charles R. Scott).