Appellant, Johnny M. Young, was indicted and convicted by a jury for murder. On June 19, 1986, he was sentenced to life imprisonment without the benefit of parole, in accordance with the Alabama Habitual Felony Offenders Act. He gave oral notice of appeal at the time of sentencing.
On September 11, 1986, at the hearing on appellant's motion for a new trial, the trial court noted, for the record, that appellant had escaped from the Mobile County Jail and was not present for the hearing. The assistant district attorney objected to the hearing, stating, "He has effectively waived his motion for a new trial by his escape." The trial court heard appellant's argument, made by his counsel, and denied the motion. Appellant's counsel renewed the notice of appeal. The assistant district attorney objected again, stating, "The State's position is that by the defendant's actions he has forfeited his right to appeal."
In brief, the attorney general moves this court to dismiss appellant's appeal, submitting that appellant forfeited his right to appeal when he escaped from the Mobile County Jail. In support of the motion, the attorney general filed, with this court, an affidavit by the Board of Corrections, stating that appellant "escaped from the Mobile County Jail July 16, 1986 and was recaptured September 16, 1986." Appellant raises numerous issues on appeal through his court-appointed attorney and through supplemental pro se briefs. Appellant *Page 823 
does not address the attorney general's motion to dismiss.
For over a century, appellate courts, both state and federal, have utilized their discretion to dismiss the appeals of those defendants who have escaped while their appeals were pending. In Molinaro v. New Jersey, 396 U.S. 365, 90 S.Ct. 498,24 L.Ed.2d 586 (1970), the United States Supreme Court began a new trend in the law when it summarily and unconditionally dismissed an appeal of a defendant who had escaped while his direct appeal was pending decision by the Court. In dismissing the appeal, the Supreme Court stated the following:
 "No persuasive reason exists why this Court should proceed to adjudicate the merits of a criminal case after the convicted defendant who has sought review escapes from the restraints placed upon him pursuant to the conviction. While such an escape does not strip the case of its character as an adjudicable case or controversy, we believe it disentitles the defendant to call upon the resources of the Court for determination of his claims. . . . The dismissal need not await the end of the Term or the expiration of a fixed period of time, but should take place at this time."
Id. at 366, 90 S.Ct. at 498-99.
Molinaro was strengthened by the Supreme Court's subsequent decision in Estelle v. Dorrough, 420 U.S. 534, 95 S.Ct. 1173,43 L.Ed.2d 377 (1975). In Estelle v. Dorrough, the Supreme Court expressly sanctioned the automatic dismissal of an escapee's appeal without prior notice and opportunity to be heard even though the escapee was captured before dismissal. In reaching this conclusion, the Court reasoned that automatic dismissal discourages escape and promotes the efficient operation of the appellate process.
In determining the rights of an escapee to post-conviction relief, after dismissal of his appeal, the Fifth and Eleventh Circuits have adopted the rationale and the conclusions promulgated by the Supreme Court. In Joensen v. Wainwright,615 F.2d 1077 (5th Cir. 1980), a state court had summarily dismissed the pending appeal of an escaped defendant. After the appellant's recapture, he moved to reinstate his appeal. The state court denied the motion. In Joensen v. Wainwright, the Fifth Circuit, citing Estelle v. Dorrough, supra, held that a criminal defendant abandons his appeal by escaping while the appeal is pending. The court found that there is no constitutional right to reinstatement of an appeal abandoned by escape.
In United States v. Holmes, 680 F.2d 1372 (11th Cir. 1982), cert. denied, 460 U.S. 1015, 103 S.Ct. 1259, 75 L.Ed.2d 486
(1983), the Eleventh Circuit, relying on Molinaro v. NewJersey, supra, found that a defendant who escapes after conviction, but before sentencing, and is later recaptured, abandons his right to appeal from the conviction. In reaching this decision, the court stated the following:
 "[W]ere we to hold otherwise, criminal defendants who flee prior to sentencing would be permitted upon apprehension to seek relief from the very legal system that they previously had seen fit only to defy. Such a result would fly in the face of common sense and sound reason."
Id. at 1374.
In Hall v. Alabama, 700 F.2d 1333 (11th Cir.), cert. denied,464 U.S. 859, 104 S.Ct. 183, 78 L.Ed.2d 163 (1983), the Eleventh Circuit fortified its earlier conclusions by finding that an appellant's escape constitutes a procedural waiver of his right to seek post-conviction relief from a state court. InHall, the appellant was convicted of murder in the first degree and sentenced to life imprisonment. His appeal to this court was dismissed, without opinion, when he escaped from the county jail. Upon recapture, Hall filed numerous motions in state court for post-conviction relief. All motions were denied without opinion.[1] *Page 824 
Hall subsequently filed a petition for habeas corpus relief in the United States District Court for the Southern District of Alabama. The court dismissed the petition upon its finding that Hall had waived his right to pursue his state court claims by escaping from the custody of the state. In affirming the judgment of the district court, the Eleventh Circuit reviewed the law in Alabama concerning the status of an escaped and recaptured appellant. The court's review found the following:
 "Although the Alabama Supreme Court has never addressed the questions whether an escape mandates dismissal of a pending appeal or whether an escape constitutes a waiver of the right to pursue state post conviction remedies, the appellate courts of Alabama . . . have long held that by escaping from the custody of the state an appellant waives his right to be heard on any appeals that were pending at the time of the escape. In the absence of a decision from the state's highest court, this court 'must adhere to the decisions of the state's intermediate appellate courts unless there is some persuasive indication that the state's highest court would decide the issue otherwise.' King v. Guardian Life Insurance Co. of America, 686 F.2d 894 (11th Cir. 1982) (quoting Flintkote Co. v. Dravo Corp., 678 F.2d 942 (11th Cir. 1982)). In this case we have no indication that the state's highest court would reject the long followed practice in the appellate courts that the court may dismiss all appeals pending at the time of an escape."
Id. at 1336.
For over a century, Alabama appellate courts have exercised the discretion to summarily dismiss the appeals of those who have escaped custody while their appeals are pending. See, e.g., Warwick v. State, 73 Ala. 486, 49 Am.Rep. 59 (1883); Ala. Digest, Criminal Law, Key No. 1131(5). Although we find no Alabama Supreme Court cases summarily and unconditionally dismissing the pending review of an escaped and recaptured appellant's conviction, we also can find no indication that our supreme court would reject the practice of dismissing such a pending review. Thus, we agree with the Fifth Circuit inJoensen v. Wainwright, 615 F.2d at 1079, that, "If the Supreme Court can summarily and unconditionally dismiss an escapee's appeal without offending the constitution, there is no reason why a state court may not do likewise."
In adopting this stance, we recognize that Alabama statutory law grants a right to appeal from criminal conviction, §12-22-130, Code of Alabama 1975. Once that right to appeal is granted, the Fourteenth Amendment places some constraints upon the denial of that right. Draper v. Washington, 372 U.S. 487,83 S.Ct. 774, 9 L.Ed.2d 899 (1963). However, there is no federal constitutional right to appellate review of state criminal convictions. Estelle v. Dorrough, supra.
In the instant case, appellant escaped from the Mobile County Jail after conviction, sentencing, and notice of appeal. He was a fugitive for approximately two months, and after recapture in Cleveland, Ohio, resisted being extradited to this state. We assume from the address on the supplemental pro se briefs filed by appellant that he is now incarcerated in the Alabama prison system. Although appellant is now within our jurisdiction, we conclude that he, by escaping following his conviction and during the pendency of his appeal, abandoned his right to pursue that appeal. Accordingly, the attorney general's motion to dismiss in this case should be granted.
APPEAL DISMISSED.
All Judges concur.
[1] However, collateral review will not always be unconditionally and summarily denied. In Pace v. State, 357 So.2d 384
(Ala.Cr.App. 1978), cert. denied, 357 So.2d 386 (Ala. 1978). Pace's direct appeal had been dismissed when he escaped from state custody. Upon recapture, Pace filed a writ of error coram nobis claiming that he had significant new evidence relating to a factual issue in the case. We reversed the lower court's judgment and found that Pace was entitled to an evidentiary hearing on the new factual issue. Pace is distinguishable from the case at bar. *Page 825