TYSON, Judge.
Howard Orville Watkins appeals from the denial of his petition seeking post-conviction relief under Rule 20, A.R.Crim. P.Temp. (now Rule 32, A.R.Crim.P.) This petition was denied without an evidentiary hearing.
This record shows that Howard Orville Watkins was initially charged in the Circuit Court of Mobile County, Alabama, by a grand jury indictment filed March 31,1989, with first degree theft. The trial court ascertained that the appellant had no counsel, and it appointed counsel to represent him. The appellant then appeared at arraignment on April 21, 1989, and entered a plea of not guilty. The appellant did, in fact, confer with counsel and appeared for trial on June 2, 1989.
At this time, following discussions with the district attorney’s office, the appellant appeared in open court and was fully advised of his constitutional rights under Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), and as to range of punishment under Carter v. State, 291 Ala. 83, 277 So.2d 896 (1973).
Thereafter, the appellant was sentenced to serve a term of 15 years’ imprisonment. A condition of the sentence was that he was to serve one year in a jail-like facility and the balance was to be served over a period of four years on probation, conditional on the appellant’s good behavior. The appellant was to pay court costs and was to reimburse the State $150 for his court-appointed attorney. The defendant was to receive five months and five days credit for time spent in jail and also was to pay restitution in the amount of $160 to the victim.
The appellant did not file a motion for new trial or any other post-trial motion in the Circuit Court of Mobile County. See *1312 this court’s opinion in Willis v. State, 500 So.2d 1324 (Ala.Crim.App.1986).
This record further discloses that the appellant was reported on December 28, 1989, by his probation officer as having been delinquent. An alias writ of arrest was issued on January 24, 1990, that the appellant had escaped from Atmore work release and that his address was known as 1106 Elm Street, Seattle, Washington. The • appellant was subsequently rearrested on August 17, 1990, under the alias writ of arrest.
On September 5, 1990, a delinquency report was ordered to be served on the defendant who was then in the Mobile County jail awaiting hearing on the motion to revoke his probation. This cause had been set for September 24, 1990. The probation revocation proceeding was then continued until October 23, 1990, because the appellant had a cause pending in the Escambia Circuit Court. A supplemental delinquency report was served on appellant on November 9, 1990, and the cause was set for hearing on November 30, 1990. Counsel was appointed to represent the appellant on November 21, 1990, and the cause was continued for hearing until December 7, 1990, at which time the appellant’s probation was revoked following a hearing. The appellant was ordered to be given credit for one year, two months, and 13 days served. The appellant then gave notice of appeal to this court.
The attorney general has now filed a motion requesting that the appellant’s appeal in this cause be dismissed because of the appellant’s escape.
I
The attorney general cites to this court two opinions upon which the attorney general primarily relies in his motion. The first is this court’s opinion in Young v. State, 518 So.2d 822 (Ala.Crim.App.1987), cert. denied, 488 U.S. 834, 109 S.Ct. 93, 102 L.Ed.2d 69 (1988). In dismissing the appeal in Young v. State, this court relied primarily on two opinions of the United States Supreme Court: Molinaro v. New Jersey, 396 U.S. 365, 90 S.Ct. 498, 24 L.Ed.2d 586 (1970), and Estelle v. Dorrough, 420 U.S. 534, 95 S.Ct. 1173, 43 L.Ed.2d 377 (1975). Several opinions are discussed in this court’s opinion in Young.
The attorney general points out in his motion that this court has not dealt specifically with the issue of the “disentitlement docket” in any opinion where, as here, an individual has escaped from custody, and he urges this court to adopt the language set forth in Molinaro. The attorney general points out that, in the language in this court’s opinion in Young in which certain appellate opinions are quoted, this court points out that a party may be held to have waived his right to appellate relief by virtue of an escape.
In reviewing this record on appeal, we are of the opinion that the following language from the United States Supreme Court in Molinaro v. New Jersey, supra, fully supports the view that this appellant became disentitled to post-conviction relief by virtue of his escape. The language upon which we now rely is as follows:
“No persuasive reason exists why this Court should proceed to adjudicate the merits of a criminal case after the convicted defendant who has sought review escapes from the restraints placed upon him pursuant to the conviction. While such an escape does not strip the case of its character as an adjudicable case or controversy, we believe it disentitles the defendant to call upon the resources of the Court for determination of his claims.”
We are of the view that the matter is procedurally barred as noted by the trial court in its order in this cause, which reads as follows:
“IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA
“STATE OF ALABAMA
“vs.
“HOWARD ORVILLE WATKINS
“Petitioner
*1313 CC 89-697
“ORDER
“Defendant’s Rule 20 petition (now Rule 32 petition) dated November 30, 1990 is denied.
“The grounds asserted in Defendant’s Rule 20 petition could have been but were not raised on appeal and Defendant’s Rule 20 petition is precluded pursuant to Rule 32.2(a)(5) of the Alabama Rules of Criminal Procedure.
“Dated this 20th day of March, 1991.
“/s/ Robert G. Kendall
“Circuit Judge”
For the reasons herein stated, this appeal is due to be and the same is hereby dismissed, as we specifically hold that the appellant’s escape has disentitled him to appellate review.
This cause is due to be, and this same is, hereby dismissed.
APPEAL DISMISSED.
All the Judges concur.