**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Alberto A. ROSALES, Sr., Defendant–Appellant.**

No. 89–5330.

United States Court of Appeals, Eleventh Circuit.

Feb. 10, 1994.

Thomas D. Sclafani, Miami, FL, for defendant-appellant.

Roberto Martinez, U.S. Atty., Lynne Lamprecht, Linda Collins Hertz and Lisa T. Rubio, Asst. U.S. Attys., Miami, FL, for plaintiff-appellee.

Before TJOFLAT, Chief Judge, BIRCH, Circuit Judge, and FAY, Senior Circuit Judge.

FAY, Senior Circuit Judge:

We consider this appeal on remand from the United States Supreme Court. *Rosales v. United States,* — U.S. —, 113 S.Ct. 2406, 124 L.Ed.2d 631 (1993). The Supreme Court vacated our prior opinion[1] and instructed us to reconsider this case in light of *Ortega–Rodriguez v. United States,* — U.S. —, 113 S.Ct. 1199, 122 L.Ed.2d 581 (1993). Because we find that granting Alberto A. Rosales, Sr. ("Rosales") an appeal would unduly burden the government and has significantly interfered with the judicial process, we DISMISS the appeal under the new law of

---

1. See *United States v. Rosales,* 978 F.2d 719 (11th Cir.1992) where we relied on *United States v. London,* 723 F.2d 1538 (11th Cir.), *cert. denied,* 467 U.S. 1228, 104 S.Ct. 2684, 81 L.Ed.2d 878 (1984), and held that because Rosales became a fugitive during trial, he waived the right to contest errors on appeal.

this Circuit established by *United States v. Ortega–Rodriguez,* No. 91–5083–1, 1993 WL 60980 (11th Cir.1993).

## I. FACTS

Rosales was arrested in May of 1985 and released on a $150,000 personal surety bond.[2] His trial began on March 23, 1987. On April 16, 1987, during trial, Rosales became a fugitive and the district court convicted him *in absentia.* On May 29, 1987, the district court ordered Rosales' bond forfeited and accordingly entered a $150,000 judgment against Rosales on August 3, 1987.[3]

The U.S. Marshal apprehended and arrested Rosales on November 26, 1988 for his flight from the Southern District of Florida. The district court sentenced Rosales on March 29, 1989, approximately one year after his flight. He appealed his sentence and conviction on April 4, 1989. On May 11, 1989, Rosales filed a motion [4] in the district court to be declared indigent for costs on appeal.

On June 13, 1989, this Court dismissed Rosales' appeal for want of prosecution and failure to file a docketing statement and make financial arrangements with the court reporter. One day later Rosales filed an Affidavit of Indigency in the district court. The affidavit stated that he had no cash anywhere and owned no real or personal property of any value. On June 15, Rosales filed a motion for reinstatement of his appeal. On June 20, 1989, the magistrate entered an order denying Rosales' motion to be declared indigent for costs. Rosales appealed that order to the district court.

On July 11, 1989 this court granted Rosales' motion to reinstate his appeal and to stay appellate proceedings until the district court ruled on Rosales' appeal regarding his desire to be declared indigent for costs. On August 21, 1989, the district court entered an order denying Rosales' motion seeking an indigent status. Rosales appealed that denial to this Court. We treated the appeal as a Motion for Leave to Proceed on Appeal *In Forma Pauperis* under *Fed.R.App.P.* 24(a), and granted Rosales his desired relief. Approximately four and one-half years after his conviction, Rosales filed his brief in this Court.

We issued an unpublished, *per curiam* opinion holding, under *London,*[5] that Rosales waived his right to contest claimed trial errors on appeal when he became a fugitive during trial. *United States v. Rosales,* 978 F.2d 719 (11th Cir.1992). Rosales petitioned for certiorari and the Supreme Court remanded the case for further consideration in light of its decision in *Ortega–Rodriguez v. United States,* —— U.S. ——, 113 S.Ct. 1199, 122 L.Ed.2d 581 (1993).

## II. DISCUSSION

We have discretion in our review of whether or not we will grant a former fugitive's appeal. *Ortega–Rodriguez,* —— U.S. at —— n. 23, 113 S.Ct. at 1209 n. 23.

In *Ortega–Rodriguez,* the Supreme Court overruled *United States v. Holmes,* 680 F.2d 1372 (11th Cir.1982), *cert. denied,* 460 U.S. 1015, 103 S.Ct. 1259, 75 L.Ed.2d 486 (1983), and directed this Circuit to fashion a new rule to apply when considering whether or not a dismissal of a former fugitive's appeal is an appropriate sanction. *Ortega–Rodriguez,* —— U.S. at ——, 113 S.Ct. at 1209.[6] We followed the Supreme Court's mandate and held that:

> this Court should dismiss a former fugitive's appeal unless the defendant can

2. The bond was secured by Rosales' two automobiles, equity in his home, stock in his bakery, and a $30,000 corporate surety bond.

3. The judgment entered was to be satisfied by any and all of Rosales' real or personal property. Specifically, satisfaction was to come from Rosales' home, business, and the two cars. Foreclosure proceedings were completed on his home in June, 1988. On August 24, 1987 the court entered a separate order granting judgment against Rosales, Henry Acker, and Ace Bonding Company on the $30,000 corporate surety bond.

4. The government opposed this motion.

5. *United States v. London,* 723 F.2d 1538, 1539 (11th Cir.), *cert. denied,* 467 U.S. 1228, 104 S.Ct. 2684, 81 L.Ed.2d 878 (1984) (holding that a defendant who becomes a fugitive during trial waives right to appeal).

6. Although the Supreme Court did not expressly overrule *London* in *Ortega–Rodriguez,* the implication is that *London* no longer has any precedential value as it relied in large part on *Holmes.*

show that: (1) granting the appeal is not likely to result in an undue burden on the government and; (2) the defendant's flight has not resulted in nor will not result in significant interference with the operation of the judicial process in either the district court or the appellate court.

*Ortega–Rodriguez,* No. 91–5083–1, 1993 WL 60980 (11th Cir.1993).

█ Here, Rosales was a fugitive for approximately a year. In addition, upon his recapture, he commenced lengthy collateral litigation[7] in an attempt to have the government bear the costs of the trial transcript and his appeal. The net result of the above activities was that Rosales filed his brief with this Court some four and one-half years following his conviction.

If we were to entertain his appeal and Rosales successfully argued for reversal on any of his arguments not involving sufficiency of the evidence, the government would be required to gather evidence and witnesses[8] from five years ago. Because there is a direct causal connection between Rosales' flight and the extreme delay in this case, we find that the government would be unduly burdened if we reach the merits of this case.

However, assuming *arguendo* that the burden on the government would not be too great, we will analyze the second prong of the *Ortega–Rodriguez* test. Our inquiry begins with Rosales' litigation regarding his indigency. As a threshold matter, it is necessary to point out the causal connection between his flight and his financial situation. Had Rosales never become a fugitive, he would not have lost his home, business and cars which served as part of the security for his two bonds totaling $180,000. If he had not lost these possessions, he would have been able to pay for his trial transcript and the costs of his appeal.

Instead, Rosales initiated collateral litigation in an attempt to be declared indigent. First he filed a motion in the district court to be declared indigent. Shortly thereafter, we

dismissed Rosales' initial appeal challenging his conviction for want of prosecution and failure to make financial arrangements with the court reporter. The next day, Rosales filed an Affidavit of Indigency with the district court followed by his motion in this Court to reinstate his appeal.

After the magistrate denied Rosales' motion to be declared indigent for costs, he appealed to the district court. Subsequently, we granted Rosales' motion to reinstate his appeal and stayed further appellate proceedings pending the district court's ruling on the appeal from the magistrate. The district court eventually denied his motion to be declared indigent for costs.

Unfortunately, this was not the end of the web of Rosales' attempt to be declared indigent. He appealed the district court's denial of his motion for costs to this Court. We treated his appeal as a motion under *Fed. R.App.P.* 24(a) for Leave to Proceed on Appeal *In Forma Pauperis.* We granted Rosales' motion and allowed him to proceed. Approximately a year after we entered our order on the Rule 24(a) motion, Rosales filed his brief with this Court.

But for Rosales' flight, none of the above collateral litigation would have taken place in either the district court or this Court. We need not address any prospective disruption of the judicial process because we find that Rosales' flight has already significantly interfered with the process in both our Court and the district court sufficient to warrant the sanction of dismissal. Because, under the facts of this case, Rosales failed to satisfy both prongs of the *Ortega–Rodriguez* test, we DISMISS his appeal.

## III. CONCLUSION

For the above reasons, the defendant's appeal is DISMISSED.

---

7. In *Ortega Rodriguez,* we noted that one of the relevant factors to consider is "the extent of extraneous litigation that is causally connected to the defendant's flight." *Ortega–Rodriguez,* No. 91–5083–1 at 5.

8. Special Agent Arthur L. Cash ("Cash") was an undercover DEA agent with knowledge of Rosales' criminal activity. Cash offered extensive testimony at trial regarding most of the charges against Rosales. Cash has since died in an automobile accident.