STATE OF NEBRASKA, APPELLEE, V.
MELVIN L. GOREE, APPELLANT.

659 N.W.2d 344

Filed April 1, 2003. No. A-02-843.

Nicole E. Gangitano, Assistant Douglas County Public Defender, for appellant.

Don Stenberg, Attorney General, and Kevin J. Slimp for appellee.

IRWIN, Chief Judge, and SIEVERS and INBODY, Judges.

INBODY, Judge.

## INTRODUCTION

Melvin L. Goree appeals the decision of the Douglas County District Court affirming his conviction and sentence in the Douglas County Court for assault and battery. He contends that the district court erred in failing to reverse his conviction and order a new trial for the reason that meaningful appellate review of his conviction was precluded because the transcript of his trial was destroyed.

## STATEMENT OF FACTS

On August 14, 2000, following a trial in Douglas County Court, Goree was found guilty of assault and battery. Sentencing was scheduled for October 26; however, Goree failed to appear, and a capias was issued for his arrest. Goree was not apprehended until May 2002. On May 23, 2002, Goree was sentenced to 180 days' imprisonment and a $500 fine. Goree timely appealed to the Douglas County District Court, contending, inter alia, that he "is entitled to a new trial because a true and complete copy of the transcript of the trial have [sic] been lost or destroyed and cannot be adequately reconstructed."

In affirming Goree's conviction and sentence, the district court noted that the practice of the Douglas County Court is to discard or reuse a tape after 6 months from the date of the hearing and assigned fault to Goree for choosing not to appear for sentencing and thereby not having his case "proceed in an orderly fashion." Thus, the court found that Goree's "rights cannot be prejudiced by what in the final analysis is his own misconduct in failing to appear." Goree has timely appealed to this court.

## ASSIGNMENT OF ERROR

On appeal, Goree contends that the district court erred in failing to reverse his conviction and order a new trial for the reason that meaningful appellate review of his conviction was precluded because the transcript of his trial was destroyed.

## ANALYSIS

Goree contends that the district court erred in failing to reverse his conviction and order a new trial after the transcript of his trial was destroyed. He contends that the lack of a transcript results in the denial of meaningful appellate review of his case.

 The right to appeal is guaranteed by Neb. Const. art. I, § 23, and Nebraska statute. See, Neb. Rev. Stat. § 29-611 (Reissue 1995) (providing for appeal of judgments from county court to district court); Neb. Rev. Stat. § 25-1912(1) (Cum. Supp. 2002) (notice of appeal required to be filed within 30 days of entry of judgment, decree, or final order); Neb. Rev. Stat. § 25-2728(1) (Cum. Supp. 2002) (any defendant in criminal case may appeal from final judgment or final order of county court to district court of county where county court is located). Further, a trial court has a duty to provide a party with a verbatim trial record which comports to the requirements of Neb. Ct. R. of Official Ct. Rptrs. 3 (rev. 2000), and such record shall, at a party's request, include any comments the trial judge may have made. *State v. Bradley*, 236 Neb. 371, 461 N.W.2d 524 (1990). See *Kennedy v. Kennedy*, 221 Neb. 724, 380 N.W.2d 300 (1986).

 However, the right to appeal is not absolute, because it may be lost through failure to follow proper procedural rules, such as failure to file a brief, failure to make timely service, failure to timely file a notice of appeal, or failure to pay docket fees. See, Neb. Ct. R. of Prac. 10A (rev. 2000) (failure to file brief may subject appeal to dismissal); Neb. Rev. Stat. § 25-1914 (Cum. Supp. 2002) (appeal may be dismissed on motion and notice in appellate court if no bond has been given); § 25-1912(1) (notice of appeal required to be filed within 30 days of entry of judgment, decree, or final order); *State v. Dallmann*, 260 Neb. 937, 621 N.W.2d 86 (2000) (appellate court generally does not acquire jurisdiction of appeal unless notice of appeal is filed and docket fee is paid within 30 days of final order); *State v. Flying Hawk*, 227 Neb. 878, 420 N.W.2d 323 (1988) (notice of appeal required by § 25-1912(1) is mandatory and jurisdictional and must be filed within time required by statute; failure to timely file results in appellate court's failing to obtain jurisdiction to hear appeal, and appeal must be dismissed).

In the instant case, we are presented with the issue of whether the loss or destruction of the bill of exceptions of a defendant's trial so interferes with his right to appeal that a new trial must be granted. At oral arguments, the parties conceded that the Douglas County Court destroys recordings after 6 months as a matter of policy. An appellate court may consider agreed circumstances

presented to it in brief or argument. *Hagelstein v. Swift-Eckrich*, 257 Neb. 312, 597 N.W.2d 394 (1999). Since the issue of whether an appeal may be dismissed or a new trial denied where the loss or destruction of records was caused, at least indirectly, by a defendant's fugitive status is an issue of first impression in Nebraska, we look to other jurisdictions for guidance.

In *Ortega-Rodriguez v. United States*, 507 U.S. 234, 113 S. Ct. 1199, 122 L. Ed. 2d 581 (1993), the U.S. Supreme Court was asked to consider whether a defendant may be deemed to forfeit his right to appeal by fleeing while his case is pending in the district court, though he is recaptured before sentencing and appeal. The Court held that a rule requiring the automatic dismissal of appeals filed by former fugitives returned to custody before invocation of the appellate system was not justified, because the defendant's former fugitive status does not necessarily have the required connection to the appellate process that would justify the appellate sanction of a dismissal. However, the Court recognized that sometimes a defendant's actions while the case is still pending in district court may make a meaningful appeal impossible or otherwise disrupt or adversely affect the appellate process to such an extent to support the appellate sanction of dismissal. Thus, the Court held that former fugitives returned to custody before filing an appeal generally are not subject to dismissal of an appeal brought after recapture, unless the defendant's flight has significantly interfered with the appellate process.

The bar to automatic dismissal of appeals announced in *Ortega-Rodriguez, supra*, is not grounded in the federal Constitution, but on the supervisory authority of the federal courts of appeals over the procedures to be followed in the federal district courts. Annot., 105 A.L.R.5th 529 (2003). Thus, the holding is not binding authority for state courts addressing the issue of state fugitive dismissal rules. *Id.* However, the holding announced in *Ortega-Rodriguez, supra*, has been accepted by the judiciary of several states. See, *Griffis v. State*, 759 So. 2d 668 (Fla. 2000) (court remanded case for further consideration of whether defendant's fugitive status prior to filing of appeal caused sufficiently detrimental connection to appellate process to support dismissal of appeal); *State v. Bell*, 608 N.W.2d 232 (N.D. 2000); *Bellows v. State*, 110 Nev. 289, 871 P.2d 340 (1994); *State*

*v. Lundahl,* 130 Or. App. 385, 882 P.2d 644 (1994) (upheld dismissal of defendant's appeal where defendant's 7-year fugitive status significantly interfered with appellate process); *State v. Brown,* 116 N.M. 705, 866 P.2d 1172 (N.M. App. 1993).

Both the New Mexico Court of Appeals and the Nevada Supreme Court have specifically considered the dilemma presented when a defendant's fugitive status has contributed to the loss or destruction of records, and those courts have applied the standard set forth in *Ortega-Rodriguez, supra.* For example, the New Mexico Court of Appeals has held that the dismissal of a defendant's appeal and denial of motion for new trial were appropriate where the defendant's 13-year fugitive status significantly interfered with the operation of the appellate process because trial notes were destroyed 9 years after trial, in accordance with applicable regulations. *Brown, supra.*

Likewise, the Nevada Supreme Court has upheld the dismissal of a defendant's appeal and denial of a defendant's motion for new trial where the defendant's 8-year fugitive status resulted in trial transcripts being unavailable because they had been destroyed pursuant to normal procedures. *Bellows, supra.* Adopting the rule enunciated in *Ortega-Rodriguez v. United States,* 507 U.S. 234, 113 S. Ct. 1199, 122 L. Ed. 2d 581 (1993), the *Bellows* court explained that not every appeal involving a convicted defendant who escapes before sentencing requires dismissal; dismissal is warranted only if the escaped defendant's conduct significantly interferes with the operation of the appellate process. The *Bellows* court concluded that when a defendant's fugitive status results in a trial transcript's loss or destruction, such a substantial interference with the appellate process has occurred, justifying dismissal of the defendant's appeal.

Although not relying on *Ortega-Rodriguez, supra,* the Utah Supreme Court has held that a criminal appeal may be dismissed if " 'the State can show that it has been prejudiced by the defendant's absence and the consequent lapse of time.' " *State v. Verikokides,* 925 P.2d 1255, 1256 (Utah 1996). In that case, the court upheld the denial of a defendant's motion for new trial where the defendant's 7-year fugitive status between conviction and sentencing indirectly resulted in the loss of a majority of the trial record.

Other courts, either without specific reliance upon, or prior to the issuance of, *Ortega-Rodriguez, supra,* have also denied a defendant's request for a new trial when the defendant's absence has resulted in the loss or destruction of records. See, *Com. v. Johnson,* 764 A.2d 1094 (Pa. Super. 2000) (defendant not entitled to new trial where fact that trial transcript is unavailable was direct result of defendant's status as fugitive for 10 years); *People v. Everett,* 224 Cal. App. 3d 932, 274 Cal. Rptr. 429 (1990) (defendant's request for new trial, based upon destruction of trial notes 5 years after trial, denied because loss attributable to defendant's 6-year status as fugitive); *People v Iacopelli,* 141 Mich. App. 566, 367 N.W.2d 837 (1985) (defendant's request for new trial, based upon loss of records, denied because loss attributable to defendant's 9-year status as fugitive); *People v. Valdez,* 137 Cal. App. 3d 21, 187 Cal. Rptr. 65 (1982) (denial of defendant's request for new trial upheld where defendant was fugitive for 11 years and trial transcript was destroyed 10 years after his trial).

Further, although the aforementioned cases all involve a fugitive status of 6 years or greater, a defendant's fugitive status for shorter periods of time may also justify denial of a motion for new trial or dismissal of an appeal. See, e.g., *Wynne v. State,* 831 S.W.2d 513 (Tex. App. 1992) (defendant, by his fugitive status for over 3½ years, was not diligent in prosecuting his appeal, thereby producing kind of delay that may be anticipated to cause lost items, such as loss of portion of record in defendant's case); *Garces v. State,* 727 S.W.2d 48 (Tex. App. 1987) (defendant could not profit from lack of diligence in prosecuting his appeal where he failed to appear at sentencing and was fugitive for 2 years and where delay contributed to loss of record); *Weeks v. State,* 521 S.W.2d 858 (Tex. Crim. App. 1975) (defendant who was fugitive for 2 years must bear responsibility for unavailability of transcription of trial).

We adopt the reasoning and holding of *Ortega-Rodriguez v. United States,* 507 U.S. 234, 113 S. Ct. 1199, 122 L. Ed. 2d 581 (1993), that former fugitives returned to custody before filing an appeal generally are not subject to dismissal of an appeal brought after recapture, unless the defendant's flight has significantly interfered with the appellate process. Further,

as the aforementioned cases make clear, when an appeal is filed by a former fugitive who has been returned to custody before invocation of the appellate system, it is the effect on the appellate process that is critical, not the defendant's fugitive status itself or the length of time that the defendant was a fugitive.

By failing to appear for sentencing and remaining a fugitive for 1½ years, Goree was not diligent in prosecuting his appeal, thereby producing the kind of delay that may be anticipated to cause lost items, such as the loss of the trial record in the instant case. When a defendant's fugitive status results in the loss of a trial transcript, a substantial interference with the appellate process has occurred. Goree's fugitive status "should not become an excuse for the convicted to begin the process anew at great cost to the state and the crime victim. Defendants have a responsibility to be vigilant in preserving their appeal rights." See *State v. Verikokides*, 925 P.2d 1255, 1258 (Utah 1996). Goree should not reap the benefit of his fugitive status through the gaining of a new trial due to the lack of a transcript.

## CONCLUSION

Since the inadequacy of the record in this case was the consequence of Goree's 1½-year status as a fugitive, he is bound by the consequences caused by his actions. For the reasons set forth herein, the decision of the district court is affirmed.

AFFIRMED.