PER CURIAM.
 

 The appellant, Stan Dubose, appeals his convictions for assault in the second degree and kidnapping in the second degree. He was sentenced to 15 years in prison on the assault conviction and to 40 years in prison on the kidnapping conviction, the sentences to be served consecutively. Du-bose was convicted of the offenses in December 1995, but he was not sentenced until January 2009. He filed a written notice of appeal on March 2, 2009. While attempting to obtain the transcript this Court was notified by the circuit clerk’s office that the transcript of Dubose’s 1995 trial could not be completed because the court reporter who recorded those proceedings could not be located. Our review of the clerk’s portion of the record that this Court received showed that Dubose had escaped before he was sentenced. Based on these assertions we requested that the parties respond as to why this appeal should not be dismissed. Both Du-bose and the State filed responses to our request.
 

 First, Dubose argues that he did not escape because, he says, one of the deputies erroneously released him from jail. Attached to the State’s response is an affidavit executed by the District Attorney for the Third Judicial Circuit — Ben Reeves.
 
 [1]
 
 Mr. Reeves’s affidavit states:
 

 
 *833
 
 “Mr. Stan Dubose was convicted on December 19, 1995, for assault second degree and kidnapping second degree. He escaped before he could be sentenced and has been residing in Florida and has spent some time in state prison. He was returned to Alabama in August of 2008, and on January 29, 2009, was sentenced to (15) fifteen years on the assault second degree, and (40) forty years on the kidnapping second degree.
 

 “Between conviction and his sentencing (13) thirteen years later, the witnesses for the prosecution of Dubose have indicated they do not remember the details of this brutal crime, near to the extent as to when the crime happened.
 

 “Because Dubose had fled justice all of these years, the State is severely prejudiced not only because the transcript to his trial has been misplaced and it is hard for the State to defend its case on appeal and refresh its own memory of how the case was presented, but also State witnesses are no longer with the law enforcement office that made this case. Also after so many years, the witnesses’ memory of the details of the crime are not as strong.”
 

 Also, a letter written by Judge Burt Smit-hart to the district attorney is attached to the State’s response. This letter states: “In 1996, the above styled cases were withdrawn and filed because the Defendant ‘skipped’ town prior to being sentenced.” Other documents in the clerk’s record show that Dubose escaped. Contrary to Dubose’s contention, there is sufficient documentation to show that Dubose escaped from jail after he was convicted but before he was sentenced.
 

 “For over a century, Alabama appellate courts have exercised the discretion to summarily dismiss the appeals of those who have escaped custody while their appeals are pending.... Although we find no Alabama Supreme Court cases summarily and unconditionally dismissing the pending review of an escaped and recaptured appellant’s conviction, we also can find no indication that our supreme court would reject the practice of dismissing such a pending review. Thus, we agree with the [United States Court of Appeals for the] Fifth Circuit in
 
 Joensen v. Wainwright,
 
 615 F.2d [1077] at 1079 [(5th Cir.1980)], that, ‘If the Supreme Court can summarily and unconditionally dismiss an escapee’s appeal without offending the constitution, there is no reason why a state court may not do likewise.’ ”
 

 Young v. State,
 
 518 So.2d 822, 824 (Ala.Crim.App.1987). A few years later in
 
 Watkins v. State,
 
 589 So.2d 1311 (Ala.Crim.App.1991), we applied the escape rule to a defendant who sought postconviction review. We stated:
 

 “In reviewing this record on appeal, we are of the opinion that the following language from the United States Supreme Court in
 
 Molinaro v. New Jersey,
 
 [396 U.S. 365 (1970) ], fully supports the view that this appellant became disen-titled to post-conviction relief by virtue of his escape. The language upon which we now rely is as follows:
 

 “ ‘No persuasive reason exists why this Court should proceed to adjudicate the merits of a criminal case after the convicted defendant who has sought review escapes from the restraints placed upon him pursuant to the. conviction. While such an escape does not strip the case of its character as an adjudicable case or controversy, we believe it disentitles the defendant
 
 *834
 
 to call upon the resources of the Court for determination of his claims.’
 

 [[Image here]]
 

 “For the reasons herein stated, this appeal is due to be and the same is hereby dismissed, as we specifically hold that the appellant’s escape has disen-titled him to appellate review.”
 

 589 So.2d at 1312-13.
 

 However, both
 
 Young,
 
 decided in 1987, and
 
 Watkins,
 
 decided in 1991, relied on
 
 Molinaro v. New Jersey,
 
 396 U.S. 365, 90 S.Ct. 498, 24 L.Ed.2d 586 (1970), a case that was modified in 1993 by the United States Supreme Court in
 
 Ortega-Rodriguez v. United States,
 
 507 U.S. 234, 113 S.Ct. 1199, 122 L.Ed.2d 581 (1993). The Supreme Court in
 
 Ortegar-Rodriguez
 
 held:
 

 “[W]e conclude that while dismissal of an appeal pending while the defendant is a fugitive may serve substantial interests, the same interests do not support a rule of dismissal for all appeals filed by former fugitives, returned to custody before invocation of the appellate system. Absent some connection between a defendant’s fugitive status and his appeal as provided when a defendant is at large during ‘the ongoing appellate process,’ the justifications advanced for dismissal of fugitives’ pending appeals generally will not apply.”
 

 507 U.S. at 249, 113 S.Ct. 1199.
 

 Other states have addressed this issue. The Nebraska Court of Appeals in
 
 State v. Goree, 11
 
 Neb.App. 685, 659 N.W.2d 344 (2003), gave a detailed discussion of the impact of
 
 Ortegar-Rodriguez
 
 on appeals where defendants have escaped and are returned to custody before a notice of appeal is filed. We quote extensively from that well reasoned opinion:
 

 “In
 
 Ortega-Rodriguez v. United States,
 
 507 U.S. 234, 113 S.Ct. 1199, 122 L.Ed.2d 581 (1993), the U.S. Supreme Court was asked to consider whether a defendant may be deemed to forfeit his right to appeal by fleeing while his case is pending in the district court, though he is recaptured before sentencing and appeal. The Court held that a rule requiring the automatic dismissal of appeals filed by former fugitives returned to custody before invocation of the appellate system was not justified, because the defendant’s former fugitive status does not necessarily have the required connection to the appellate process that would justify the appellate sanction of a dismissal. However, the Court recognized that sometimes a defendant’s actions while the case is still pending in district court may make a meaningful appeal impossible or otherwise disrupt or adversely affect the appellate process to such an extent to support the appellate sanction of dismissal. Thus, the Court held that former fugitives returned to custody before filing an appeal generally are not subject to dismissal of an appeal brought after recapture, unless the defendant’s flight has significantly interfered with the appellate process.
 

 “The bar to automatic dismissal of appeals announced in
 
 Ortega-Rodriguez,
 
 supra, is not grounded in the federal Constitution, but on the supervisory authority of the federal courts of appeals over the procedures to be followed in the federal district courts. Annot., 105 A.L.R.5th 529 (2003). Thus, the holding is not binding authority for state courts addressing the issue of state fugitive dismissal rules.
 
 Id.
 
 However, the holding announced in
 
 Ortega-Rodriguez,
 
 supra, has been accepted by the judiciary of several states. See,
 
 Griffis v. State,
 
 759 So.2d 668 (Fla.2000) (court remanded case for further consideration of whether defendant’s fugitive status prior to filing of appeal caused sufficiently
 
 *835
 
 detrimental connection to appellate process to support dismissal of appeal);
 
 State v. Bell,
 
 608 N.W.2d 232 (N.D.2000);
 
 Bellows v. State,
 
 110 Nev. 289, 871 P.2d 340 (1994);
 
 State v. Lundahl,
 
 130 Or.App. 385, 882 P.2d 644 (1994) (upheld dismissal of defendant’s appeal where defendant’s 7-year fugitive status significantly interfered with appellate process);
 
 State v. Brown,
 
 116 N.M. 705, 866 P.2d 1172 (App.1993).
 

 “Both the New Mexico Court of Appeals and the Nevada Supreme Court have specifically considered the dilemma presented when a defendant’s fugitive status has contributed to the loss or destruction of records, and those courts have applied the standard set forth in
 
 Ortega-Rodriguez,
 
 supra. For example, the New Mexico Court of Appeals has held that the dismissal of a defendant’s appeal and denial of motion for new trial were appropriate where the defendant’s 13-year fugitive status significantly interfered with the operation of the appellate process because trial notes were destroyed 9 years after trial, in accordance with applicable regulations.
 
 Brown,
 
 supra.
 

 “Likewise, the Nevada Supreme Court has upheld the dismissal of a defendant’s appeal and denial of a defendant’s motion for new trial where the defendant’s 8-year fugitive status resulted in trial transcripts being unavailable because they had been destroyed pursuant to normal procedures.
 
 Bellows,
 
 supra. Adopting the rule enunciated in
 
 Ortega-Rodriguez v. United States,
 
 507 U.S. 234, 113 S.Ct. 1199, 122 L.Ed.2d 581 (1993), the
 
 Bellows
 
 court explained that not every appeal involving a convicted defendant who escapes before sentencing requires dismissal; dismissal is warranted only if the escaped defendant’s conduct significantly interferes with the operation of the appellate process. The
 
 Bellows
 
 court concluded that when a defendant’s fugitive status results in a trial transcript’s loss or destruction, such a substantial interference with the appellate process has occurred, justifying dismissal of the defendant’s appeal.
 

 “Although not relying on
 
 Ortega-Rodriguez,
 
 supra, the Utah Supreme Court has held that a criminal appeal may be dismissed if ‘ “the State can show that it has been prejudiced by the defendant’s absence and the consequent lapse of time.” ’
 
 State v. Verikokides,
 
 925 P.2d 1255, 1256 (Utah 1996). In that case, the court upheld the denial of a defendant’s motion for new trial where the defendant’s 7-year fugitive status between conviction and sentencing indirectly resulted in the loss of a majority of the trial record.
 

 “Other courts, either without specific reliance upon, or prior to the issuance of,
 
 Ortega-Rodriguez,
 
 supra, have also denied a defendant’s request for a new trial when the defendant’s absence has resulted in the loss or destruction of records. See,
 
 Com. v. Johnson,
 
 764 A.2d 1094 (Pa.Super.2000) (defendant not entitled to new trial where fact that trial transcript is unavailable was direct result of defendant’s status as fugitive for 10 years);
 
 People v. Everett,
 
 224 Cal.App.3d 932, 274 Cal.Rptr. 429 (1990) (defendant’s request for new trial, based upon destruction of trial notes 5 years after trial, denied because loss attributable to defendant’s 6-year status as fugitive);
 
 People v. Iacopelli,
 
 141 Mich.App. 566, 367 N.W.2d 837 (1985) (defendant’s request for new trial, based upon loss of records, denied because loss attributable to defendant’s 9-year status as fugitive);
 
 People v. Valdez,
 
 137 Cal.App.3d 21, 187 Cal.Rptr. 65 (1982) (denial of defendant’s request for new trial
 
 *836
 
 upheld where defendant was fugitive for 11 years and trial transcript was destroyed 10 years after his trial).
 

 “Further, although the aforementioned cases all involve a fugitive status of 6 years or greater, a defendant’s fugitive status for shorter periods of time may also justify denial of a motion for new trial or dismissal of an appeal. See, e.g.,
 
 Wynne v. State,
 
 831 S.W.2d 513 (Tex.App.1992) (defendant, by his fugitive status for over 3 1/2 years, was not diligent in prosecuting his appeal, thereby producing kind of delay that may be anticipated to cause lost items, such as loss of portion of record in defendant’s case);
 
 Garces v. State,
 
 727 S.W.2d 48 (Tex.App.1987) (defendant could not profit from lack of diligence in prosecuting his appeal where he failed to appear at sentencing and was fugitive for 2 years and where delay contributed to loss of record);
 
 Weeks v. State,
 
 521 S.W.2d 858 (Tex.Crim.App.1975) (defendant who was fugitive for 2 years must bear responsibility for unavailability of transcription of trial).
 

 “We adopt the reasoning and holding of
 
 Ortega-Rodriguez v. United States,
 
 507 U.S. 234, 113 S.Ct. 1199, 122 L.Ed.2d 581 (1993), that former fugitives returned to custody before filing an appeal generally are not subject to dismissal of an appeal brought after recapture, unless the defendant’s flight has significantly interfered with the appellate process. Further, as the aforementioned cases make clear, when an appeal is filed by a former fugitive who has been returned to custody before invocation of the appellate system, it is the effect on the appellate process that is critical, not the defendant’s fugitive status itself or the length of time that the defendant was a fugitive.
 

 “By faffing to appear for sentencing and remaining a fugitive for 1 1/2 years, Goree was not diligent in prosecuting his appeal, thereby producing the kind of delay that may be anticipated to cause lost items, such as the loss of the trial record in the instant case. When a defendant’s fugitive status results in the loss of a trial transcript, a substantial interference with the appellate process has occurred. Goree’s fugitive status ‘should not become an excuse for the convicted to begin the process anew at great cost to the state and the crime victim. Defendants have a responsibility to be vigilant in preserving their appeal rights.’ See
 
 State v. Verikokides,
 
 925 P.2d 1255, 1258 (Utah 1996). Goree should not reap the benefit of his fugitive status through the gaining of a new trial due to the lack of a transcript.”
 

 11 Neb.App. at 688-91, 659 N.W.2d at 347-49. See
 
 Bellows v. State,
 
 110 Nev. 289, 293, 871 P.2d 340, 343 (1994) (“Because appellant’s absence led to the loss of his trial transcripts, he may not benefit from his attempt to elude the law. Allowing appellant to avoid any negative repercussions from his escape ‘operates as an affront to the dignity of [this] court’s proceedings.’”). See also Annot.,
 
 Effect of Escape by, or Fugitive Status of, State Criminal Defendant on Availability of Appeal or Other Posb-Verdict or Posb-Conviction Relief
 
 — State
 
 Cases,
 
 105 A.L.R. 5th 529 (2003). The United States Court of Appeals for the Eleventh Circuit has adopted the following test:
 

 “[T]his Court should dismiss a former fugitive’s appeal unless the defendant can show that: (1) granting the appeal is not likely to result in an undue burden on the government and; (2) the defendant’s flight has not resulted in nor will not [sic] result in significant interference with the operation of the judicial process in either the district court or the appellate court.”
 

 
 *837
 

 United States v. Rosales,
 
 13 F.3d 1461, 1462-63 (11th Cir.1994).
 

 We now join those jurisdictions that have adopted the rationale of the United States Supreme Court in
 
 Ortega-Rodñguez
 
 and hold that, if a defendant escapes after he is convicted but before he is sentenced and is returned to custody before he files a notice of appeal, his appeal will not automatically be dismissed because he was once a fugitive. We must consider the following: (1) whether the appeal will result in an undue burden on the State; and (2) whether the appeal will interfere with the “operation of the judicial process” in either the lower court or this court. See
 
 Rosales,
 
 supra. Here both of these questions can only be answered in the affirmative. Over 13 years elapsed between the time that Dubose was convicted in 1995 and his sentencing in 2009. It is impossible to obtain a transcript of Du-bose’s trial because the court reporter who transcribed the trial cannot be located.
 
 [2]
 
 The district attorney has also noted the prejudice that his office will suffer if this appeal is allowed to go forward. Dubose cannot profit from his total disrespect for the judicial process. Based on the facts in this case, we hold that Dubose forfeited his statutory right to appeal his convictions. Accordingly, this appeal is dismissed.
 

 APPEAL DISMISSED.
 

 WISE, P.J., and WELCH, WINDOM, KELLUM, and MAIN, JJ., concur.
 

 [1]
 

 . In
 
 Young v. State,
 
 518 So.2d 822 (Ala.Crim.App.1987), we relied on an affidavit to show that the appellant had escaped.
 

 [2]
 

 . We have held that a judgment in a criminal proceeding is due to be reversed if the record of the proceedings in circuit court cannot be prepared. See
 
 Wesson v. State,
 
 594 So.2d 233 (Ala.Crim.App.1991).