### State of Vermont v. Larry Sauve

[666 A.2d 1164]

No. 94-670

Present: **Allen**, C.J., **Gibson**, **Dooley**, **Morse** and **Johnson**, JJ.

Opinion Filed August 11, 1995

*Jeffrey L. Amestoy*, Attorney General, and *David Tartter*, Assistant Attorney General, Montpelier, for Plaintiff-Appellant.

*Charles S. Martin* of *Martin & Paolini*, Barre, for Defendant-Appellee.

**Johnson, J.** In this appeal, we consider the scope of V.R.Cr.P. 48(b)(2), which authorizes the trial court, in furtherance of justice, to dismiss a criminal prosecution with prejudice to the refiling of charges. In this case, the trial court dismissed sexual assault charges against defendant over the prosecutor's objection after the jury failed to reach a verdict following a five-day trial. We conclude that the court abused its discretion in dismissing the case.

## I.

In May 1993, defendant was charged with sexual assault of a minor, Opal W., who was five or six years old at the time the assaults allegedly occurred, between September 1985 and December 1986. According to the amended complaint, defendant was living with the victim's mother when he sexually assaulted Opal on two occasions, once with the aid of another woman named Janice. At trial, the State presented the testimony of Opal, her mother, her foster mother, and a state police investigator who was present during an interview of Opal in 1992. Opal had great difficulty testifying, and the trial court limited or excluded much of the proposed testimony of the other witnesses regarding what Opal had told them about the alleged assaults. The defense presented the testimony of Janice, a police investigator, and a friend of Opal's in an attempt to show inconsistencies between Opal's trial testimony and her statements at a prior deposition. Closing arguments centered almost exclusively on Opal's credibility.

After approximately eight hours of deliberation, the jury reported that there was no reasonable probability of reaching a unanimous verdict, and the court declared a mistrial. During the eight hours of deliberation, portions of the trial testimony were read back to the jury at its request. Following the mistrial, the State amended the information to charge penile/vaginal contact rather than insertion, and to allege Janice's presence rather than assistance at the second assault. Defendant then filed a motion to dismiss in furtherance of justice under Rule 48(b)(2). A hearing was held, after which the court granted defendant's motion, ruling as follows:

> The trial in this matter was conducted completely and correctly. The jury had a full opportunity to reach a verdict and was unable to find the defendant guilty beyond a reasonable doubt.
>
> The rulings on the admissibility of evidence have been reviewed and would not be changed during a second trial.

The court is concerned about the effect on Opal [], a very troubled young lady, about participating in such a trial for a second time. The research on the effect on children of participating in court processes with respect to sexual abuse prosecutions indicates that the process alone on recounting stories multiple times has an effect whether or not the alleged incidents took place. The Court is mindful of the effect on Opal of recounting the incidents involving this difficult period in her life yet again.

The Court is also mindful of the age of the evidence in this case.

The State reminded the Court that it has a responsibility to balance the interests of the defendant against the rights of society, but the State has not made a strong showing in this case of why it is in the interest of society to try this case a second time when the jury was unable to reach a verdict after the first trial.

The impact on Opal [] is significant here and the State has not been able to persuade the Court that it is in the interest of Opal individually as a member of society or society at large to try this case at this time, several years after the alleged incident. Opal has had the benefit during the intervening time of significant help. The court is concerned about the possible impact of having to have her testify again.

In addition to balancing the interests, the court is also responsible for the integrity of the process as a whole. And for the reasons just stated, after taking all of these factors into consideration, the Court does conclude that this case is in fact one of the rare cases in which, to serve the ends of justice, it is appropriate to dismiss the case with prejudice. Therefore, the case is dismissed.

On appeal, the State argues that the trial court erred in dismissing the charges because (1) abuse of discretion is an inappropriate standard for reviewing dismissals with prejudice in furtherance of justice, and (2) the factors relied on by the court do not support dismissal of the charges.

## II.

The State first argues that an abuse-of-discretion standard is appropriate only when the trial court dismisses cases for want of prosecution. According to the State, dismissal of prosecutions with prejudice in the interest of justice implicates the separation-of-powers doctrine, and this Court rather than the trial court is better suited to weigh the competing interests of the judicial and executive branches.

Rule 48(b) provides that the trial "court may dismiss the indictment or information, (1) If the prosecution does not bring the defendant to trial within such time as the Supreme Court may provide by Administrative Order; or (2) If the court concludes that such dismissal will serve the ends of justice and the effective administration of the court's business." Subsection (b)(2) is based on the January 1970 proposed, but unadopted, amendments to Federal Rule of Criminal Procedure 48. Reporter's Notes, V.R.Cr.P. 48. In 1989, the following sentence was added to V.R.Cr.P. 48(b): "Unless the court directs that the dismissal is with prejudice, the dismissal shall be without prejudice."

The State reasons as follows in arguing that we should not apply an abuse-of-discretion standard in reviewing trial court decisions to dismiss criminal prosecutions in furtherance of justice: (1) we have applied an abuse-of-discretion standard in the past when reviewing Rule 48 dismissals, see *State v. Snide*, 144 Vt. 436, 440, 479 A.2d 139, 142 (1984), but only for want of prosecution, and only before the 1989 amendment to Rule 48 permitted dismissals with prejudice; (2) the Advisory Committee Note to the 1970 proposed amendments to the federal rule indicated that dismissals would not be with prejudice and cited examples of dismissals only in cases involving de minimis violations or the prosecution's failure to bring matters promptly to disposition, see 48 F.R.D. 553, 640–41 (1970); (3) the Reporter's Notes to V.R.Cr.P. 48 incorporated the proposed federal rule's Advisory Committee Note; (4) the discussion and cases cited in the Reporter's Notes to the 1989 amendment to V.R.Cr.P. 48 refer only to dismissals for want of prosecution; and (5) expanding the remedy of dismissal with prejudice beyond cases involving want of prosecution, particularly if this Court reviewed the application of that remedy under an abuse-of-discretion standard, would offend the separation-of-powers doctrine.

The State's convoluted argument reads too much into the relevant rules and their accompanying notes. Neither V.R.Cr.P. 48

nor the Reporter's Notes to that rule restrict application of the remedy of dismissal with prejudice to de minimis cases or cases involving want of prosecution. Nor do the Reporter's Notes suggest that the examples contained therein constitute an exclusive list of the situations in which the court can dismiss cases with prejudice. Subsection (b)(1) of Rule 48 covers dismissals for want of prosecution, while subsection (b)(2) is worded in general terms — ends of justice and effective administration of court business — to cover exceptional situations arising out of particular facts that are not susceptible to being labeled under a specific category. Further, the sentence indicating when dismissals are with or without prejudice is placed following subsection (b)(2); there is no indication that the remedy of dismissal with prejudice is applicable only when dismissals are for particular reasons, or that a different standard of review applies depending on the basis for the dismissal.

We acknowledge that separation-of-powers principles are implicated when a court dismisses a criminal prosecution with no opportunity for the State to refile charges. But while the prosecution is generally granted broad discretion in deciding whether to initiate criminal prosecutions, see *State's Attorney v. Attorney General*, 138 Vt. 10, 13, 409 A.2d 599, 601 (1979), the executive's power to dismiss or to follow through with a prosecution has not been completely unfettered by judicial oversight. See *State v. Abbati*, 493 A.2d 513, 521 (N.J. 1985) (although independence of prosecutor's office has always been accorded wide deference, historically it has never been regarded as free from judicial supervision). Indeed, many states require judicial consent for dismissal of cases, and many other states besides Vermont authorize trial courts to dismiss criminal prosecutions on their own motion in furtherance of justice. *State v. Echols*, 793 P.2d 1066, 1071 (Alaska Ct. App. 1990).[1] The fairness ideal embodied in these laws has ancient roots. *People v. Rickert*, 446 N.E.2d 419, 420, 459 N.Y.S.2d 734, 735 (1983). Yet, despite the number of jurisdictions with similar longstanding laws, the State has not cited, and we have not found, any case striking down such a law as an unconstitutional violation of the separation-of-powers doctrine. Cf. *People v. Kirby*, 460

---

[1] At least ten states besides Vermont have enacted a statute or implemented a criminal rule authorizing trial courts to dismiss criminal prosecutions sua sponte in furtherance of justice. Alaska R. Crim. P. 43(c); Cal. Penal Code § 1385; Idaho R. Crim. P. 48(a)(2); Iowa R. Crim. P. 27(1); Minn. Laws § 631.21; Mont. Code Ann. § 46-13-401; N.Y. Code of Crim. Proc. § 210.40; Okla. Stat. tit. 22, § 815; Or. Rev. Stat. § 135.755; Utah R. Crim. P. 25; Wash. R. Crim. P. 8.3.

N.Y.S.2d 572, 573 (App. Div. 1983) (trial court's inherent authority to terminate prosecution to assure integrity of its judgment is traceable to separation-of-powers principle). Nor have we found any case limiting dismissals under such a law to situations involving want of prosecution or de minimis violations.[2] Indeed, the State has not cited any jurisdiction that has applied a standard of review other than abuse of discretion when reviewing a trial court's decision whether to dismiss a case in the interest of justice. But cf. *State v. Swenson*, 809 P.2d 1185, 1187 (Idaho Ct. App. 1991) (in reviewing Rule 48 dismissal, standard is whether trial court erred as matter of law).

To the contrary, the case law from other jurisdictions indicates that trial courts have the discretion to dismiss prosecutions in furtherance of justice on a case-by-case basis when it would be fundamentally unfair to continue the prosecution. *Echols*, 793 P.2d at 1077. Nevertheless, because of separation-of-powers considerations and the public's interest in the prosecution of those charged with criminal offenses, the trial court's discretion to dismiss cases in the interest of justice is necessarily limited. Generally, trial courts may dismiss prosecutions in furtherance of justice against the wishes of the prosecutor only in rare and unusual cases when compelling circumstances require such a result to assure fundamental fairness in the administration of justice. *State v. Brumage*, 435 N.W.2d 337, 340–41 (Iowa 1989); see *Abbati*, 493 A.2d at 521–22 (although prosecutor's discretion to reprosecute defendant is subject to power of court, trial court must defer to prosecutor's decision when fundamental fairness does not compel dismissal); *State v. Hadsell*, 878 P.2d 444, 446–47 (Or. Ct. App. 1994) (dismissal under furtherance-of-justice statute is reserved for "severe situations" because dismissal of charging instrument frustrates public interest in prosecution of crimes to promote protection of public and rehabilitation of offenders).

The following factors are among those set forth in other jurisdictions, either by statute or judicial decision, for the trial courts to consider in deciding whether to dismiss a case in furtherance of justice: (1) the seriousness and circumstances of the charged offense; (2) the extent of harm resulting from the offense; (3) the evidence of guilt and its admissibility at trial; (4) the likelihood of new or

---

[2] The Washington Supreme Court has required a showing of arbitrary action or government misconduct before a trial court may dismiss a prosecution in the interests of justice. *State v. Blackwell*, 845 P.2d 1017, 1022 (Wash. 1993). Like other jurisdictions, we decline to limit the trial court to dismissals under those circumstances. See *State v. Brumage*, 435 N.W.2d 337, 340–41 (Iowa 1989).

additional evidence at trial or retrial; (5) the defendant's history, character, and condition; (6) the length of any pretrial incarceration or any incarceration for related or similar offenses; (7) the purpose and effect of imposing a sentence authorized by the offense; (8) the impact of dismissal on public confidence in the judicial system or on the safety and welfare of the community in the event the defendant is guilty; (9) the existence of any misconduct by law enforcement personnel in the investigation, arrest, or prosecution of the defendant; (10) the existence of any prejudice to defendant as the result of the passage of time; (11) the attitude of the complainant or victim with respect to dismissal of the case; and (12) any other relevant fact indicating that judgment of conviction would serve no useful purpose. See N.Y. Code of Crim. Proc. § 210.40(1); *Brumage*, 435 N.W.2d at 341 (adopting factors applied in California and New York). We agree that, where relevant, the trial court should consider such factors, which weigh the respective interests of the defendant, the complainant, and the community at large.

The above factors overlap to some degree with guidelines set forth by jurisdictions holding that trial courts have authority to dismiss cases with prejudice following successive hung juries when reprosecution would violate precepts of fundamental fairness. In *Abbati*, for example, the New Jersey Supreme Court reversed the appellate court's refusal to uphold the trial court's dismissal of kidnapping and aggravated sexual assault charges following two hung juries, holding that the judiciary's interest in creating just remedies and in assuring the overall efficient administration of the criminal justice system provides the trial court with the authority to dismiss prosecutions following multiple hung juries. 493 A.2d at 517. The court remanded the case for the trial court to consider the following factors in determining whether dismissal was the proper remedy: (1) the number of prior mistrials and the outcome of the juries' deliberations, if known; (2) the character of the prior trials in terms of length, complexity, and similarity of evidence presented; (3) the likelihood of any substantial difference in result in a subsequent trial, if allowed; (4) the trial court's own evaluation of the relative strength of each party's case; (5) the professional conduct and diligence of counsel, particularly the prosecuting attorney; (6) the seriousness of the offense; (7) the public's concern for the effective and definitive conclusion of criminal prosecutions; (8) the status of the defendant; and (9) the impact of retrial upon the defendant in terms of untoward hardship and unfairness. *Id.* at 521–22; see *Ex parte Anderson*, 457

So. 2d 446, 450 (Ala. 1984) (listing similar guidelines); *State v. Moriwake*, 647 P.2d 705, 712–13 (Haw. 1982) (same).

Other courts have applied these or similar factors and reached varying results. In *State v. Witt*, 572 S.W.2d 913, 917 (Tenn. 1978), the Tennessee Supreme Court affirmed the dismissal of an indictment for murder following three hung juries, observing that the trial court had the inherent authority to terminate the prosecution under the traditional notions of fair play and substantial justice when repeated trials resulted in deadlocked juries and the chances of future conviction were extremely unlikely. The court cautioned, however, that the trial judge's discretion to dismiss a prosecution on such grounds ought to be applied "only in the most urgent circumstances." *Id.* Similarly, in *Moriwake*, the Hawaii Supreme Court affirmed the dismissal of an indictment for manslaughter after two hung juries, reasoning that judicial power is properly invoked when a trial court dismisses an indictment with prejudice following the declaration of one or more mistrials because of deadlocked juries, regardless of whether the defendant's constitutional rights are implicated. 647 P.2d at 712; see also *United States v. Ingram*, 412 F. Supp. 384, 386 (D.D.C. 1976) (disallowing reprosecution of defendant following two hung juries in which twenty-one out of twenty-four jurors voted for acquittal); *Anderson*, 457 So. 2d at 451–52 (affirming trial court's decision not to dismiss indictment on murder charge after three hung juries); *Kirby*, 460 N.Y.S.2d at 573 (reinstating murder indictment after it had been dismissed by trial court following three hung juries).

Without doubt, the repeated reprosecution of a defendant for the same crime following hung juries where no new evidence exists raises issues concerning traditional notions of fundamental fairness and substantial justice. Repeated trials involving the same offense can frustrate the search for truth and the effective administration of justice by depleting the resources of the parties, by imposing hardships on witnesses, and by fostering the perfunctory presentation of stale testimony, the exaggeration of subtle differences in witnesses' recollections to challenge their credibility, and the tailoring of testimony based on the jury's perceived reaction in prior trials. See *Ingram*, 412 F. Supp. at 386. On the other hand, the State, the victim, and the public at large all have an interest in obtaining a conclusive outcome in a criminal prosecution, particularly when a serious crime is involved. See *Anderson*, 457 So. 2d at 449.

In reaching its determination regarding dismissal of a case following one or more hung juries, the trial court must generally defer

to the prosecutor's decision to retry the case, but if fundamental fairness compels dismissal, the court is authorized to do so. The court's authority to dismiss is not limited to particular reasons or types of cases. In those cases where the State's evidence is adequate to survive a motion to dismiss for insufficient evidence, but one or more juries have refused to convict, the trial court must determine whether dismissal is compelled by weighing all the relevant circumstances and factors, many of which are listed above. We decline to preclude dismissal following only one hung jury or to require dismissal after a particular number of hung juries. Nor can we possibly outline all the circumstances in which dismissal would be appropriate. The decision is left to the trial court's discretion, given the unique circumstances of each case. Because the trial court is in a better position to weigh the relevant factors, we review its decisions under an abuse-of-discretion standard, keeping in mind that the trial court's discretion is itself limited by the deference it must normally give to the prosecutor's decision to retry a case.

## III.

Considering the above guidelines and standards relative to the facts and circumstances of this case, we conclude that the trial court abused its discretion in granting defendant's motion to dismiss following the hung jury. The court ruled that dismissal was required to serve the ends of justice because of (1) the possible effect on the victim of having to testify again; (2) the fact that the court would not change its evidentiary rulings, and thus the evidence would be unchanged at a second trial; and (3) the age of the evidence in the case. Although the factors cited by the trial court are all relevant to its determination, they are outweighed by other relevant factors.

The trial court's principal reason for granting defendant's motion to dismiss was the possible effect of retrial on the victim. The court's concern for the victim is laudable, and we recognize that the court saw the victim testify firsthand; however, notwithstanding the trial court's comment that research shows that children are negatively affected by having to recount episodes of sexual abuse multiple times, there was no expert or other testimony by either party at the hearing on defendant's motion to dismiss regarding the possible effect on this particular victim of having to testify again. Further, the prosecutor stated that another attorney for the State and the victim's advocate had met with Opal, and that Opal was ready to go forward with another trial despite her difficulty in testifying. Finally, apart from

the victim's desires, there remains the public's interest in a conclusive prosecution concerning very serious charges.

The trial court stated that the State had failed to show that it was in Opal's interest or in the interest of society at large to continue prosecution of the case. Assuming arguendo that defendant is guilty of the charged crime, society's interest in further prosecution is obvious. In addition, the burden of setting forth factors sufficiently compelling to justify dismissal under Rule 48(b)(2) lies with defendant.[3] See *People v. Morrisey*, 614 N.Y.S.2d 686, 693 (Crim. Ct. 1994). Defendant is the moving party claiming that the facts and circumstances compel dismissal by the trial judge, who must state the reasons for the dismissal in the event the motion is granted. See V.R.Cr.P. 48(c) (trial court must state reasons for dismissal over objection of prosecutor).

■ The trial court's other two reasons do not carry controlling weight. First, even assuming the State's evidence remains essentially the same, which is open to some question,[4] there has been only one trial thus far, and the trial court denied defendant's motion for judgment of acquittal based on insufficiency of the evidence, both at the end of the State's case and at the end of the trial. Thus, there is a reasonable possibility of conviction upon a second trial. Second, the age of the evidence at a second trial is a relatively insignificant factor when one considers that the statute of limitations for sexual offenses against children was recently extended to permit prosecution to be commenced within the earlier of the date the victim attains the age of twenty-four years or six years from the date the offense is reported, 13 V.S.A. § 4501(c), and that defendant failed to show how he would be prejudiced by further delay. Cf. *State v. Delisle*, 162 Vt. 292, 313, 648 A.2d 632, 644 (1994) (fourteen-year delay in bringing indictment did not violate defendant's due process rights). Considering the

---

[3] Defendant argues that the burden was on the State to show a "manifest necessity" to be provided another opportunity to convict him. This argument is misplaced. The "manifest necessity" standard is applicable in cases where the defendant claims retrial would place him in double jeopardy. "[W]ithout exception, the courts have held that the trial judge may discharge a genuinely deadlocked jury and require the defendant to submit to a new trial." *Arizona v. Washington*, 434 U.S. 497, 509 (1978). For the "manifest necessity" standard to be met, however, the jury deadlock must not be premature, such as when further deliberations might have produced a fair verdict. *Id.* In a case such as this, where the defendant has acquiesced in or failed to challenge the propriety of the trial court's declaration of a mistrial, the "manifest necessity" standard has been met. See *Ex parte Anderson*, 457 So. 2d 446, 449 (Ala. 1984).

[4] We decline to address the multiple evidentiary issues collaterally raised in this appeal.

relevant factors, particularly the fact that there has been only one prior trial, the seriousness of the charged offense, the absence of any prosecutorial misconduct, and the lack of any showing of prejudice that would result to defendant from retrial, the court abused its discretion in dismissing the case with prejudice over the objection of the prosecutor.

*Reversed and remanded.*