### State of Vermont v. John R. Hanlon

[665 A.2d 603]

No. 94-584

Present: **Allen, C.J., Gibson, Dooley, Morse and Johnson, JJ.**

Opinion Filed August 11, 1995

*Jeffrey L. Amestoy*, Attorney General, and *David Tartter*, Assistant Attorney General, Montpelier, for Plaintiff-Appellant.

*Robert Appel*, Defender General, and *Judith A. Ianelli*, Appellate Defender, Montpelier, for Defendant-Appellee.

**Morse, J.** The State appeals the trial court's decision to continue the prosecution of defendant on charges of sexual assault upon two boys pending the outcome of the appeal of convictions on similar charges in Massachusetts. We affirm.

In 1993, defendant, a 66-year-old Catholic priest, was charged with sexually assaulting two boys, Christopher W. and Christopher M., on separate occasions during ski trips to Vermont in 1987. In April 1994, defendant was sentenced by a Massachusetts court to three consecutive life terms followed by a suspended life sentence after he was

convicted of two counts of the forcible rape of William W., the brother of Christopher W. Defendant appealed the Massachusetts convictions, and then sought to have the Vermont charges dismissed in the interest of justice under V.R.Cr.P. 48(b)(2).

On October 6, 1994, the trial court continued further proceedings of the Vermont case "until an Order disposing of the Defendant's appeal in Massachusetts is entered." The court ordered that if the Massachusetts convictions are reversed, a status conference would be convened to conclude pretrial preparation in the Vermont case. On the other hand, if the Massachusetts convictions are affirmed, the State would be afforded thirty days to file its objections "to the grant of the Defendant's Motion to Dismiss these prosecutions with prejudice."

The trial court's opinion suggests that it is inclined toward granting defendant's motion to dismiss. The court acknowledged that the Vermont charges involve different victims assaulted in a different place approximately six years after the Massachusetts assaults, and that the testimony of the two Vermont victims at the Massachusetts trial did not immunize defendant from prosecution for the Vermont assaults. Nevertheless, the court stated that it would be difficult to justify trial on the Vermont charges considering that (1) defendant would be eighty-one years old at his earliest possible release date in Massachusetts if the sentences there are upheld; (2) the two Vermont victims contributed to defendant's Massachusetts convictions through their testimony; and (3) there is a significant backlog of criminal cases in Windham District Court.

On October 17, 1994, the State sought permission to appeal the October 6 order under both 13 V.S.A. § 7403(c) and V.R.A.P. 5(b). On November 4, 1994, the trial court ruled that the motion to appeal under Rule 5(b) was timely, but that the request and notice of appeal under § 7403 were untimely because they were filed beyond the seven-day period allowed by statute. See § 7403(e). At a later hearing, the court granted the State's motion for permission to appeal from both the October 6 and November 4 rulings.

■ Regarding the procedural issue, we agree with the State that the trial court erred in concluding that the State's appeal under § 7403(c) was untimely filed. Rule 26(a) of the Rules of Appellate Procedure provides that V.R.C.P. 6 "applies to the computation of any period of time prescribed by these rules, by an order of the court, or by any *applicable statute*." (Emphasis added.) Under Rule 6(a), when the period of time prescribed by the rule, court order, or applicable statute is less than eleven days, intermediate Saturdays, Sundays,

and state or federal legal holidays are excluded from the computation of the time period. In this case, discounting weekend days and holidays, the State's motion and notice of appeal under § 7403 were filed within seven days, and therefore were timely. Section 7403(e) is plainly an "applicable statute" for purposes of the computation of the time period in which an appeal may be filed. Further, applying V.R.A.P. 26(a) and V.R.C.P. 6(a) to § 7403 does not enlarge or modify any *substantive* rights provided by law. See 12 V.S.A. § 1 (Supreme Court rules "shall not abridge, enlarge or modify any substantive rights of any person provided by law").

■ Regarding the merits of this appeal, the State contends that the trial court's October 6 order exceeds the scope of its authority under Rule 48(b)(2) and violates the separation-of-powers doctrine by infringing on the executive branch's power to charge crimes and to grant pardons. These arguments are premature at this point because the trial court has not dismissed the prosecution; indeed, in the event defendant's Massachusetts convictions are affirmed, the State will have a further opportunity to contest defendant's motion to dismiss.

If and when that day arrives, the trial court will be guided by another opinion issued by this Court today, *State v. Sauve*, 164 Vt. 134, 666 A.2d 1164 (1995). We emphasize there that dismissal with prejudice under Rule 48(b)(2) over the objection of the prosecutor is appropriate only in exceptional cases where fundamental fairness compels such a result. *Id.* at 140, 666 A.2d at 1167; see *State v. Echols*, 793 P.2d 1066, 1077 (Alaska Ct. App. 1990) (power to dismiss in furtherance of justice does not allow court to invade prosecutor's traditionally exclusive authority to determine which charges to bring and how to allocate its resources); *Casey v. Superior Court*, 255 Cal. Rptr. 81, 85 (Ct. App. 1989) (judicial convenience, court congestion, or sympathy for defendant's plight cannot justify order of dismissal); *People v. Doe*, 602 N.Y.S.2d 507, 510 (Crim. Ct. 1993) (displeasure with State's plea bargain offer cannot justify order of dismissal).

■ Despite the considerable deference the court must give to the State's decision to prosecute in the event the Massachusetts convictions are affirmed, we conclude that the State has failed to show that the court abused its discretion in delaying proceedings until final disposition of the Massachusetts proceedings. A motion to continue must be decided on the particular facts and circumstances of each individual case, and this Court will not interfere with the trial court's ruling if there is a reasonable basis to support it. *State v. Ahearn*, 137 Vt. 253, 267, 403 A.2d 696, 705 (1979).

The State argues that the continuance is unreasonable because an appeal of the Massachusetts convictions may take two to five years; however, the State does not show how it will be prejudiced by further delay in a case in which over eight years have already passed since the alleged offenses occurred. The complaining witnesses' testimony in the Massachusetts case has been preserved, and the State can obtain further testimony by deposition, if need be. We are not suggesting that trial courts should routinely continue cases when appeals are pending in other jurisdictions regarding similar charges, but we find a reasonable basis for the court's order here. If defendant's Massachusetts convictions are reversed, the case may well be remanded for a new trial, which could interfere with proceedings in Vermont. Further, if defendant's convictions are affirmed, the parties' unyielding plea bargaining positions may become more flexible.

*Affirmed.*

**Allen, C.J.,** concurring. I concur in the result.