# STATE OF VERMONT

SUPERIOR COURT                                    ENVIRONMENTAL DIVISION
                                                  Docket No. 107-10-18 Vtec

| Snyder Group, Inc. Act 250 |
|---|

## ENTRY REGARDING MOTION

Count 1, Act 250 District Commission Decision (107-10-18 Vtec)

Title:            Motion to Stay (Motion 4)

Filer:            Michael Scollins

Attorney:         Daniel A. Seff

Filed Date:       July 17, 2019

Response filed on 07/18/2019 by Attorney Evan P. Meenan for the Natural Resources Board

Response in Opposition filed on 07/31/2019 by Attorney Celeste E. Laramie for Appellee The Snyder Group, Inc.

Response filed on 08/01/2019 by Attorney Evan P. Meenan for the Natural Resources Board

**The motion is DENIED.**

In the decision appealed from, the District #4 Environmental Commission ("District Commission") issued The Snyder Group, Inc.; Spears Meadows, Inc.; 1350 Spear, LLC; and Gary Farrell (together, "Snyder Group") an Act 250 permit for the development of land located at 1302 and 1350 Spear Street in South Burlington, Vermont. Snyder Group proposes to construct 47 new dwelling units, with associated infrastructure improvements, to subdivide, and to demolish an existing structure ("the Project").[1]

A group of neighboring property owners (collectively, "Appellants") oppose the Act 250 permit.[2] The Court here considers Appellants' motion to stay this matter until the Vermont Supreme Court issues its decision in a companion appeal related to Snyder Group's application for a municipal zoning permit for the Project.

---

[1] The Project has been referred to as a 48-unit development throughout its lifecycle because, in addition to the 47 new units, an existing residence will remain at 1350 Spear Street.

[2] Appellants are Michael Scollins, Mary Scollins, Robert Skiff, Marley Skiff, and the Pinnacle at Spear Homeowners Association. We resolved certain questions relating to their party status under Criterion 9(B) in a May 22, 2019 decision. See In re Snyder Grp., Inc. Act 250, No. 107-10-18 Vtec (Vt. Super. Ct. Envtl. Div. May 22, 2019) (Durkin, J.).

To provide some context, we note that before filing for the Act 250 permit at issue, Snyder Group received municipal approval for the Project from the City of South Burlington Development Review Board. Appellants challenged the municipal permit in a separate appeal before this Court. In a decision on cross-motions for summary judgment, this Court concluded that the Project exceeded the municipality's maximum density limit of 1.2 units per acre. See In re Snyder Grp. Inc. PUD Final Plat, No. 114-8-17 Vtec (Vt. Super. Ct. Envtl. Div. Feb. 28, 2019) (Durkin, J.). This followed from our conclusion that South Burlington's "transferrable development rights" ("TDR") regulation was unconstitutionally vague and failed to comply with its enabling statute, 24 V.S.A. § 4423(a). Id. at 9-21.

The TDR regulation allowed Snyder Group to increase the Project's unit density to accommodate the 48 units as proposed. Without it, Snyder Group could only construct a maximum of 31 units. Snyder Group appealed our decision in the municipal docket to the Vermont Supreme Court in March 2019. Appellants cross-appealed on April 5, 2019.

Appellants assert that we should stay the present matter to await the outcome of the Supreme Court appeal. They argue that if the Supreme Court affirms this Court's February 28, 2019 decision, Snyder Group will be obligated to redesign the 48-unit Project to conform with the 31-unit maximum. Appellants posit that this reduction in units will amount to a substantial and material change that the District Commission needs to review in the first instance. To proceed here, they argue, is to hazard time and resources that will be wasted if the Project is returned to the District Commission. Appellants also assert that a stay is in the best interest of Snyder Group.

Snyder Group opposes Appellants' motion. It argues that Appellants did not meet their burden of showing that a stay of this proceeding is necessary to prevent hardship. In addition, Snyder Group asserts that if the Supreme Court affirms, a reduction in the number of units from 48 to 31 will not introduce a substantial change requiring District Commission review. Further, Snyder Group submits that progress made in this appeal will be useful even if the Project eventually returns to the District Commission.

The Vermont Natural Resources Board ("NRB") also contributed to this discussion. The NRB takes a neutral position on the motion to stay but cautions that it would be premature for the Court to decide whether the change from 48 to 31 units would require a remand. The NRB asserts that the Court does not have enough information to make an informed decision on the potential need for a remand.

We consider a motion to stay a matter to be synonymous with a motion for continuance, as "[a] stay in this context is a 'suspension of proceedings' until a specified event occurs in another case." In re Woodstock Cmty. Tr. & Hous. Vt. PRD, 2012 VT 87, ¶ 36, 192 Vt. 474 (citing Stone v. Briggs, 112 Vt. 410, 412-13 (1942)). The Court has substantial discretion in deciding such a motion, deriving from every court's inherent power to control the disposition of the cases that make up its docket. Id. (quoting Landis v. N. Am. Co., 299 U.S. 248, 254 (1936)). We decide the motion in light of the specific circumstances surrounding this individual case. State v. Schreiner, 2007 VT 138, ¶ 14, 183 Vt. 42 (citing State v. Hanlon, 164 Vt. 125, 128 (1995)).

Our precedent instructs that "a party seeking a stay [of this type] 'must make out a clear case of hardship or inequity in being required to go forward' if there is a possibility that a stay will damage someone else." Woodstock Cmty. Tr., 2012 VT 87, ¶ 36; see also In re Killington Resort Parking Project Act 250 Permit Application, No. 173-12-13 Vtec, slip op. at 2-3 (Vt. Super. Ct. Envtl. Div. May 13, 2015) (Durkin, J.).

We begin our assessment by observing that this Court cannot presently decide whether a potential future reduction in the Project's number of units would amount to a substantial change necessitating a remand to the District Commission. This is a Project change that has not occurred, might not occur, and might take any number of forms. A ruling on this question would constitute an improper advisory opinion. See In re Regan Subdivision Permit, No. 188-9-09 Vtec, slip op. at 5 (Vt. Super. Ct. Envtl. Div. June 18, 2013) (Durkin, J.) (citing In re Appeal of 232511 Invs., Ltd., 2006 VT 27, ¶¶ 18-19, 179 Vt. 409) (declining to issue an advisory opinion); In re Paynter 2-Lot Subdivision, No. 160-7-08 Vtec, slip op. at 9-10 (Vt. Envtl. Ct. May 1, 2009) (Wright, J.) (same). Further, we lack the information necessary to make such a determination.

This Court can recognize, however, that even if Snyder Group's application returns to the District Commission, progress made in this appeal will not be undone, contrary to Appellants' suggestion. In the event that this matter returns to the District Commission, certain steps taken in discovery or in the evaluation of the Project against the relevant Act 250 criteria may not need to be repeated. There is the risk of waste with or without a stay; Appellants have not shown the type of one-sided, probable hardship and inequity our standards require.

This is especially true given that Snyder Group could only revise the Project to have a lower unit density, presumably with lesser impacts under the Act 250 criteria. In addition, we only consider Criteria 8 and 9(B) in this appeal. Both of these Criteria will inevitably play a part in any future decision on the Project's Act 250 compliance, no matter what form the Project may take. Party status issues related to Criterion 9(B) will need to be conclusively resolved regardless.

Further, the Supreme Court's decision will not reach fundamental issues like the applicant's right to develop the property at all, which has served as the basis for continuances in the past. See, e.g., In re Wilcox Ice Cream Factory, No. 70-4-07 Vtec, slip op. at 1-2 (Vt. Super. Ct. Envtl. Div. July 8, 2010) (Durkin, J.) (granting a continuance because the Supreme Court appeal would decide whether the applicant had rights to the project site); cf. Killington Resort Parking Project, No. 173-12-13 Vtec at 2 (May 13, 2015) (denying a continuance and distinguishing Wilcox because the applicant's basic ownership of the project site was not in question).

Finally, we give weight to an applicant's perspective on how the permitting process would proceed best. See In re Killington Vill. Act 250 Master Plan Application, No. 147-10-13 Vtec, slip op. at 2 (Vt. Super. Ct. Envtl. Div. May 13, 2015) (Durkin, J.); In re Wagner & Guay Permit, No. 150-10-14 Vtec, slip op. at 2 (Vt. Super. Ct. Envtl. Div. Mar. 27, 2015) (Walsh, J.). We decline to adopt Appellants' characterization of what is in the best interest of Snyder Group. Snyder Group itself asserts that a continuance would ultimately impair the speedy resolution of this matter. The applicant has a right to the expeditious resolution of appeals and is well situated to understand the demands of the application process as it relates to their specific project. A continuance would delay this matter for an unspecified period of time, while postponing progress on certain issues that will need to be resolved in any case.

For these reasons, Appellants' motion to stay the present appeal is **DENIED**. Given this result, we return to the course of action this Court proposed at the June 17, 2019 status conference in this matter: The parties shall attempt to draft a mutually agreeable scheduling order. If they cannot agree, the parties are free to each submit their own. The proposal, or proposals, shall be filed with the Court no later than **Friday, September 13, 2019**.

**So Ordered.**

Electronically signed on August 14, 2019 at Burlington, Vermont, pursuant to V.R.E.F. 7(d).

_____
Thomas S. Durkin, Superior Judge
Environmental Division

Notifications:

Daniel A. Seff (ERN 1514), Attorney for Appellants Michael and Mary Scollins, Robert and Marley Skiff, and the Pinnacle at Spear Homeowners Association

Evan P. Meenan (ERN 1632), Attorney for the Vermont Natural Resources Board

Matthew B. Byrne (ERN 2486), Attorney for Appellee The Snyder Group, Inc.

Robert H. Rushford (ERN 4714), Attorney for Appellee The Snyder Group, Inc.

Celeste E. Laramie (ERN 8852), Attorney for Appellee The Snyder Group, Inc.

Alison Milbury Stone (ERN 7087), Attorney for the Vermont Agency of Agriculture