LAWRENCE ARVEY, Appellant, *v.* THE
STATE OF NEVADA, Respondent.

No. 10517

August 25, 1978                    583 P.2d 1086

*Harry E. Claiborne* and *Oscar B. Goodman,* Las Vegas; *F. Lee Bailey,* Boston, Mass., for Appellant.

*Robert List,* Attorney General, Carson City; *George E. Holt,* District Attorney, and *Frank J. Cremen,* Deputy District Attorney, Clark County, for Respondent.

**OPINION**

*Per Curiam:*

Lawrence Arvey was admitted to bail in the amount of $100,000, pending resolution of this appeal from a judgment of conviction. Thereafter, he failed to appear before a district court on other criminal charges and the judge of that court issued a bench warrant for Arvey's arrest.

The state has filed motions contending that (1) Arvey's fugitive status warrants forfeiture of the $100,000 bail posted in this case; and, (2) we should dismiss this appeal. We agree with both contentions.

An appellate court is vested with broad discretion in its disposition of appeals by escaped convicted felons. *See, for example,* Molinaro v. New Jersey, 396 U.S. 365 (1970), and cases cited therein. In *Molinaro* a convicted felon had escaped pending an appeal and bail had already been revoked. There, the High Court summarily dismissed saying: ''No persuasive reason exists why this Court should proceed to adjudicate the merits of a criminal case after the convicted defendant who has sought review escapes from the restraints placed upon him pursuant to the conviction.'' *Id.* at 366.

The language in *Molinaro* is appropriate here, where, in our view, the facts and circumstances warrant the exercise of our discretion to unconditionally dismiss the appeal and forfeit the $100,000 bail. Accordingly, both of respondent's motions are granted.

Remittitur shall issue forthwith.

It is so ORDERED.