MARION HENRY BELLOWS, Appellant, *v.* THE STATE OF NEVADA, Respondent.

No. 21923

March 30, 1994                                              871 P.2d 340

*Philip H. Dunleavy*, Las Vegas, for Appellant.

*Frankie Sue Del Papa*, Attorney General, Carson City; *Rex Bell*, District Attorney and *James Tufteland*, Deputy District Attorney, Clark County, for Respondent.

## OPINION

*Per Curiam:*

On September 30, 1982, a jury found appellant guilty of one count of second degree murder. The district court apparently granted appellant bail prior to the sentencing hearing. Appellant absconded while on bail. Authorities located appellant in Georgia almost eight years later on February 1, 1990. Appellant was then extradited to this state.

On June 12, 1990, the district court sentenced appellant to a term in the Nevada State Prison of fifteen years for murder and a consecutive term of fifteen years for the use of a deadly weapon. The district court also ordered appellant to pay restitution in the amount of $3,324.37. This appeal followed.

After filing the notice of appeal, appellant's counsel filed a motion with the district court to withdraw. Although the appeal had been docketed in this court, the district court, acting without authority, purported to grant the motion. On June 21, 1991, this

court dismissed appellant's appeal because of his counsel's failure to file an opening brief and to respond to orders of this court. Bellows v. State, Docket No. 21923 (Order Dismissing Appeal, June 21, 1991).

On December 27, 1991, appellant filed a proper person motion in this court to compel the production of the transcript of his trial and to appoint appellate counsel. In his motion, appellant explained the circumstances concerning the withdrawal of his former counsel. Appellant also indicated that either the district court refused to send him the transcript of his trial or that his former counsel had lost the transcript.

Appellant subsequently learned that the clerk of the district court stored the transcripts of appellant's trial for several years and then destroyed the transcripts pursuant to the clerk's normal procedures. The court reporter at appellant's trial also destroyed his notes after he left the employ of the district court.

After learning of the peculiar circumstances regarding the withdrawal of appellant's counsel, this court reinstated appellant's appeal on February 20, 1992. The order reinstating the appeal also directed the district court to appoint appellate counsel to assist appellant. The district court complied with this court's order and appellant is now represented by counsel.

## DISCUSSION

Appellant contends that this court must order the district court to conduct a new trial because the loss of the trial transcripts has effectively denied him his right to appeal his conviction. A criminal defendant is normally entitled to a new trial if a trial transcript has been lost or destroyed and the transcript cannot be adequately reconstructed pursuant to NRAP 10(c).[1] Lopez v. State, 105 Nev. 68, 74, 769 P.2d 1276, 1280 (1989). Appellant contends that he must receive a new trial because no record of his trial exists and the trial transcript cannot be reconstructed.

A new trial is not appropriate under the circumstances of this

---

[1]NRAP 10(c) provides:

  If no report of the evidence or proceedings at a hearing or trial was made, or if a transcript is unavailable, the appellant may prepare a statement of the evidence or proceedings from the best available means, including his recollection. The statement shall be served on the respondent, who may serve objections or propose amendments thereto within ten (10) days after service. Thereupon the statement and any objections or proposed amendments shall be submitted to the district court for settlement and approval and as settled and approved shall be included by the clerk of the district court in the record on appeal.

case. In Arvey v. State, 94 Nev. 566, 583 P.2d 1086 (1978), we addressed an almost identical situation as this case and concluded that the appellant could not pursue an appeal following an escape. In that case, a convicted defendant absconded while on bail pending appeal. *Id.* at 567, 583 P.2d at 1087. The state then moved to dismiss the appeal. This court reasoned that "[a]n appellate court is vested with broad discretion in its disposition of appeals by escaped convicted felons." *Id.* This court then granted the state's motion to dismiss and ordered the appellant's bail forfeited.

*Arvey* can be distinguished from this case because appellant escaped prior to sentencing and before this court had jurisdiction over his appeal. Nevertheless, several state and federal courts have ruled that appellants abandon their right to appeal when they escape regardless of whether the escape occurred before or after perfecting an appeal. *See, e.g.,* Subel v. State, 567 So.2d 404 (Ala.Crim.App. 1990); State v. Gurican, 576 So.2d 709, 712 (Fla. 1991). Sound policies support these decisions.

Allowing an appeal after an escape "flouts the judicial process" and encourages other prisoners to escape. United States v. Persico, 853 F.2d 134, 137 (2nd Cir. 1988); *see also* United States v. Holmes, 680 F.2d 1372, 1374 (11th Cir. 1982), *cert. denied,* 460 U.S. 1015 (1983); State v. Gurican, 576 So.2d 709, 712 (Fla. 1991). In addition, the delay in prosecuting an appeal caused by an escape may result in lost or destroyed records such as in this case. Delays caused by an escape further increase the difficulty of conducting a new trial because evidence may become lost or stale and memories fade.

The United States Supreme Court has recently ruled in a case involving federal criminal procedure that escaping prior to sentencing and before appeal does not necessarily result in dismissal of an appeal. The court ruled that dismissal is appropriate when the escape renders a meaningful appeal impossible or "disrupt[s] the appellate process so that an appellate sanction is reasonably imposed." Ortega-Rodriguez v. United States, ...... U.S. ......, ......, 113 S.Ct. 1199, 1208-09 (1993). We agree that not every case involving a convicted defendant who escapes prior to sentencing and appeal requires dismissal. Instead, dismissal is appropriate in those cases in which the escaped defendant's conduct significantly interferes with the operation of the appellate process. *Id.* at ......, 113 S.Ct. at 1209.

When an escape results in the loss of a trial transcript, a substantial interference with the appellate process results. We thus adopt the reasoning in State v. Moore, 534 P.2d 1124 (N.M.Ct.App. 1975), which we cited with approval in Lopez v.

State, 105 Nev. 68, 74, 769 P.2d 1276, 1280 (1989). The New Mexico Court of Appeals suggested that the following three factors be considered when determining whether to grant a new trial after a trial transcript has been lost or destroyed: (1) whether the appellant has complied with the procedures for perfecting an appeal; (2) whether the transcript can be reconstructed; and (3) whether the appellant's conduct has led to the inability to obtain the transcript. *Id.* at 1125.

Because appellant's absence led to the loss of his trial transcripts, he may not benefit from his attempt to elude the law. Allowing appellant to avoid any negative repercussions from his escape "operates as an affront to the dignity of [this] court's proceedings." *Ortega-Rodriguez,* ...... U.S. at ......, 113 S.Ct. at 1207. When an escape results in the loss of a trial transcript, "[n]o persuasive reason exists why this Court should proceed to adjudicate the merits of a criminal case after the convicted defendant . . . escapes from the restraints placed upon him pursuant to the conviction." Molinaro v. United States, 396 U.S. 365, 366 (1970). Accordingly, we dismiss this appeal. *See* Arvey v. State, 94 Nev. 566, 567, 583 P.2d 1086, 1087 (1978).