*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

**ENTRY ORDER**

SUPREME COURT DOCKET NO. 2011-091

DECEMBER TERM, 2011

| | | |
|---|---|---|
| State of Vermont | } | APPEALED FROM: |
| | } | |
| | } | Superior Court, Bennington Unit, |
| v. | } | Criminal Division |
| | } | |
| Nathan Berres | } | DOCKET NO. 1181-11-10 Bncr |

Trial Judge: David A. Howard

In the above-entitled cause, the Clerk will enter:

Defendant appeals from a trial court order dismissing a five-count information without prejudice based on the State's inability to locate the complaining witness. Defendant contends the court abused its discretion in failing to dismiss with prejudice. We affirm.

The material facts are undisputed. On November 29, 2010, defendant was arraigned on charges of first degree aggravated assault, unlawful restraint, and interference with access to emergency services stemming from a single incident involving the complainant. Defendant was held without bail, and requested trial within sixty days. Jury draw was set for January 11, 2011 and trial for January 18, 2011.

Shortly after the arraignment, complainant sent a letter to the state's attorney, dated November 30, 2010, stating that she was "withdrawing [her] statements" against defendant and "asking the state to drop" the charges. Her whereabouts thereafter became an issue. Defense counsel was unable to get complainant to come to a deposition scheduled for January 7, 2011. The following week, the State attempted to serve complainant with a subpoena to appear and testify at trial. A deputy sheriff was unable to locate complainant at her listed address, a previous address, or her mother's residence; efforts to find other possible addresses through various state agencies were unavailing; and repeated attempts to contact her by telephone were unsuccessful, as was a "be on the lookout" alert issued through law enforcement for a vehicle that she was likely driving. On January 14, 2010, a Friday, the State filed a motion for recognizance to assure complainant's appearance at trial. The trial court denied the motion in the absence of an opportunity for complainant to respond. Efforts to locate complainant over the weekend were also unsuccessful.

On the scheduled trial date, January 18, 2011, the State moved to continue the trial or dismiss without prejudice to allow additional time to find and serve complainant. Defendant moved for dismissal with prejudice. The trial court cancelled the trial and ordered defendant

released on conditions. Following a hearing and additional briefing, the court issued a written ruling in early February 2011.

Citing State v. Jones, 157 Vt. 553 (1991), the court acknowledged its authority to dismiss a case with prejudice but noted that it was the rare case where this was appropriate. Reviewing the record, the court concluded that the facts did not "approach" the concerns that underlay the dismissal with prejudice in Jones, where the State had sought to dismiss a case without prejudice in a transparent attempt to circumvent the trial court's earlier denial of a continuance. See id. at 555 (upholding dismissal with prejudice where trial court found that "the State's actions were entirely motivated to obtain a continuance to which it was not entitled"). Here, the court found no evidence of prosecutorial bad faith in seeking to dismiss without prejudice due to the complainant's absence. Indeed, the court found that the State had made "serious efforts to obtain [complainant's] presence from the time the trial was scheduled." The court further found that no prejudice to defendant would result from granting the State's motion, noting that defendant was released on minimal conditions, the offenses had occurred relatively recently, and there was no claim that evidence would grow stale or memories fade due to the delay. Finally, the court found that the charges were serious, involving violent felonies. Accordingly, the court granted the motion to dismiss without prejudice. This appeal followed.

As the trial court here recognized, a court may dismiss an information if it "concludes that such dismissal will serve the ends of justice and the effective administration of the court's business." V.R.Cr.P. 48(b)(2). As the court also correctly observed, separation-of-power concerns and the public interest in prosecuting those charged with criminal offenses limit a court's discretion to dismiss with prejudice, against the wishes of the prosecutor, to those "rare and unusual" cases where "compelling circumstances require such a result to assure fundamental fairness." State v. Sauve, 164 Vt. 134, 140 (1995). Sauve set forth a non-exclusive list of factors for courts to consider in deciding the issue, including the seriousness of the charged offense, prejudice to the defendant from the passage of time, and the conduct of the prosecution. Id. We review the trial court's decision to dismiss solely for abuse of discretion, and will disturb its ruling only where that discretion was "entirely withheld" or exercised "for clearly untenable reasons." State v. Fitzpatrick, 172 Vt. 111, 116 (2001).

The record here, summarized above, reveals no basis to overturn the trial court ruling. The court carefully reviewed the relevant factors and, as noted, found no prejudice to defendant, no evidence of prosecutorial bad faith, and considerable diligence in the State's efforts to locate the complainant. Although defendant challenges these findings, asserting that the State somehow engaged in "covert manipulation" of the trial court docket, the record does not support the claim. See State v. Bain, 2009 VT 34, ¶ 15, 185 Vt. 541 (we will affirm trial court's findings unless there is no reasonable or credible evidence to support them). That the State was aware by mid-December 2010 of difficulties locating the complainant does not alter this conclusion or demonstrate, as defendant claims, an "insidious" effort to rob the court of control over its docket. This distinguishes the instant case from Jones, where the dismissal with prejudice was based on the trial court's specific finding of an attempt to manipulate the docket. 157 Vt. at 555. Accordingly, we find no abuse of discretion, and no basis to disturb the judgment.

2

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice


_____
Brian L. Burgess, Associate Justice


_____
Beth Robinson, Associate Justice