*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2011-288

JANUARY TERM, 2012

State of Vermont }

} APPEALED FROM:

}

} Superior Court, Windham Unit

v. } Criminal Division

}

Stephen R. Bain } DOCKET NO. 897/915-7 03 Wmcr

Trial Judge: David Suntag

In the above-entitled cause, the Clerk will enter:

Petitioner Stephen Bain appeals pro se from the denial of his motion to correct an alleged illegal sentence. We affirm.

Petitioner is a habitual offender who was convicted of one count of possession of stolen property and one count of possession of marijuana. His convictions were affirmed by this Court, State v. Bain, 2009 VT 34, 185 Vt. 541. The Court also upheld the denial of a series of post-judgment motions filed by petitioner. See State v. Bain, No. 2009-235, 2010 WL 287030 (Vt. Jan. 15, 2010) (unpub. mem.), available at http://www.vermontjudiciary.org/d-upeo/upeo.aspx. In March 2011, petitioner filed a motion to correct an illegal sentence. He argued that the trial court lacked authority to impose a sentence consecutive to one that he was already serving. Several additional written responses by the State and by petitioner followed. The court denied petitioner's request in a written order based on the filings and without holding a hearing.

The court found as follows. At the time that petitioner committed the above offenses, he was on parole. At some point subsequent to, but before the disposition of, the new offenses, petitioner's parole was revoked by the Parole Board. On July 26, 2006, petitioner was sentenced on the charges cited above, receiving an overall effective sentence of 5-10 years to be served consecutive to the sentence that he was then serving.

Petitioner argued that the consecutive sentences were illegal in light of 28 V.S.A. § 554, which states that the parole board "may permit any parolee who commits a crime while on parole and who is convicted and sentenced therefor to serve the sentence concurrently with the term under which he or she is paroled." Petitioner asserted that the statute precluded the trial court from imposing a consecutive sentence in this case. The court rejected petitioner's interpretation of § 554. By its plain language, the court explained, the statute would apply to a "parolee" if that person commits a crime while on parole and then receives a new sentence for that crime. If parole has been revoked by the time of the new sentence, however, the offender is no longer a "parolee." Thus, the statute would not apply to such an individual. The court reasoned that once the parole board terminated its authority by revoking parole, any subsequent consecutive

sentence did not and could not affect the parole board's authority. The court was equally unpersuaded by the case on which petitioner relied, Woodmansee v. Stoneman, 133 Vt. 449 (1975). In that case, unlike here, the defendant was still a "parolee," that is, he was still on parole, when a subsequent consecutive sentence was imposed.

The court noted that the authority to impose consecutive sentences is generally set forth in 13 V.S.A. § 7032, which provides:

> If a person who has been sentenced to a term or terms of imprisonment is convicted of another offense punishable by imprisonment before he has been discharged from the former sentence or sentences, the court may sentence him or her to an additional term of imprisonment and shall specify whether this additional term shall be served concurrent with or consecutive to the prior sentence or sentences.

The court found that this was exactly what had occurred in the instant case. Petitioner had not been discharged from his prior sentence at the time of the second sentencing. While petitioner had been on parole at one point, his parole had been revoked, and he had been sent back to prison. The court found that the trial judge had clearly acted within her discretion under 13 V.S.A. § 7032 in sentencing petitioner to a sentence that was consecutive to an already existing term of imprisonment. It thus concluded that petitioner failed to show why his sentence was illegal, and it denied his motion. This appeal followed.

Petitioner first argues that the court erred by failing to hold a hearing on his motion.[*] We reject this argument. Vermont Rule of Criminal Procedure 35 states that the court "may correct an illegal sentence at any time," and it provides that a request for relief under this rule shall be by motion and the procedure governed by Vermont Rule of Criminal Procedure 47. Rule 47(b)(2) provides that "[i]n any case, the court may dispose of the motion without argument." The issues before the court here were straightforward, and petitioner was provided ample opportunity to advance his arguments through the written pleadings. Thus, the court did not err in deciding the case without a hearing.

The court similarly did not err in interpreting 28 V.S.A. § 554 and in distinguishing the instant case from Woodmansee. As we have consistently held, where the meaning of a statute is unambiguous, we are required to enforce it according to its terms. See, e.g., Marden v. Walton, 142 Vt. 204, 207 (1982). We agree with the court that, by its plain terms, the statute is inapplicable here. The Parole Board's authority is not implicated in this case. Petitioner's parole had been terminated at the time he was sentenced on new charges, and the trial court had authority under 13 V.S.A. § 7032 to impose consecutive sentences. Nothing in Woodmansee compels a contrary result. As the trial court explained, the defendant in Woodmansee was actually on parole at the time that a sentence for new charges was imposed. He was thus a

---

[*] We have not considered any materials contained in petitioner's printed case that were not part of the record below. Hoover v. Hoover, 171 Vt. 256, 258 (2000) (stating that review on appeal is confined to the record and that Court "cannot consider facts not in the record").

"parolee" within the meaning of 28 V.S.A. § 554. See 133 Vt. at 461 (noting that trial court is "powerless" to terminate parole as "[s]uch termination is the administrative function of the parole board"). The same cannot be said for petitioner here.

We do not consider petitioner's argument that he is actually seeking relief under Vermont Rule of Civil Procedure 60(b), a civil rather than a criminal rule, both because the rule is inapposite and because the argument was not raised below. See Bull v. Pinkham Eng'g Assocs., Inc., 170 Vt. 450, 459 (2000) ("Contentions not raised or fairly presented to the trial court are not preserved for appeal."). We similarly do not consider his argument that his equal protection rights were violated as this argument was not raised below. Finally, we note that petitioner did not provide any support below for his assertion that the sentences he was serving at the time parole was revoked "would have expired if they had been properly calculated by the State." **PC 1.** In his initial motion, petitioner stated that "notwithstanding" any alleged miscalculation of his first sentence, he would have reached his maximum term had the sentences run concurrently rather than consecutively. Aside from the quoted language above, petitioner did not mention the issue about sentence calculation again in any of his subsequent pleadings. Petitioner mentioned nothing before the trial court about "reduction in term credits" nor did he specifically allege that the Department of Corrections miscalculated his credit for time served. We will not address these arguments for the first time on appeal. It is evident that petitioner's motion was based on his assertion that, under 28 V.S.A. § 554, it was illegal for the trial court to have imposed consecutive sentences. The trial court considered and rejected this argument and denied petitioner's motion. In reaching its decision, the court did not err by failing to specifically address petitioner's unsubstantiated assertion about the length of the sentences he was serving at the time that parole was revoked.

Affirmed.

BY THE COURT:

_____
John A. Dooley, Associate Justice

_____
Brian L. Burgess, Associate Justice

_____
Beth Robinson, Associate Justice

3