*Morey et al. v. Bisson*, No. 139-4-14 Bncv (Wesley, J., June 19, 2014).

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

# STATE OF VERMONT

| | |
|---|---|
| SUPERIOR COURT | CIVIL DIVISION |
| Bennington Unit | Docket No. 139-4-14 Bncv |

| | |
|---|---|
| Sheldon N. Morey, Elizabeth Morey, Plaintiffs<br><br>v.<br><br>Eugene Bisson, Defendant | **DECISION ON THE MERITS** |

## OPINION AFFIRMING
## JUDGMENT OF SMALL CLAIMS COURT

Sheldon and Elizabeth Morey sued Eugene Bisson in small claims court for breach of contract and destruction of personal property. On March 13, 2014, Assistant Judge Wesley Mook held a merits hearing. Much of the hearing was not recorded due to a malfunction in the Court's equipment. Judge Mook realized the malfunction toward the end of the hearing. Judge Mook summarized the testimony and allowed the parties to add any additional information they believed he forgot to include. Judge Mook then entered judgment for Bisson because he found the Moreys failed to prove their claims.

As described by Judge Mook, this case originated from a contract between Sheldon Morey and Shawn Morey. Sheldon Morey traded Shawn Morey a 1998 Dodge Ram pickup truck in exchange for the right to move into Shawn's mobile home at the White Birches Mobile Home Park in Bennington, Vermont. At the time, Sheldon Morey incorrectly believed Shawn had a rent-to-own contract with Eugene Bisson. It was undisputed that Eugene Bisson did not become involved with Sheldon Morey until some time after Sheldon had bargained with Shawn to trade the truck for the right of occupancy in the mobile home. Eugene Bisson is a shareholder in the corporation that owns White Birches Mobile Home Park. Judge Mook determined Shawn Morey owned the mobile home at the time of the agreement between Shawn Morey and Sheldon Morey, contrary to Sheldon's belief.

After Sheldon Morey made his agreement with Shawn Morey, he and Elizabeth Morey attempted to move into the mobile home. Through their Park Manager, White Birches[1] required the Moreys to pay the back lot rent owed by Shawn Morey for the mobile home lot before moving into the mobile home. The Moreys paid $1,271.50 to the White Birches Park Manager, Marilyn Weglarz, to cover the back lot rent and the rent for August 2013. At some point, the mobile was damaged by a motor vehicle collision. Eugene Bisson or Marilyn Weglarz placed a notice on the door of the mobile home that indicated it was not habitable due to the

---

[1] Judge Mook also briefly discussed whether Eugene Bisson was the correct party for the Moreys to sue but declined to decide that issue. Judge Mook noted the parties had discussed whether the Moreys should sue the corporation that owns White Birches rather than Eugene Bisson. The Small Claims Court is not required to guide a plaintiff in determining whether a claim is properly brought against an individual or a corporation, if the dispute arose from acts undertaken by the individual while acting as an employee, officer or agent for a corporation.

damage. Due to the habitability problems, the Moreys were not able to move into the mobile home. The Moreys also alleged White Birches damaged their personal property stored at the mobile home. The personal property was a couch, which Sheldon Morey valued at approximately $300, and a table, which Sheldon Morey valued at approximately $50.

After hearing all of the evidence, Judge Mook entered judgment in favor of Eugene Bisson. Judge Mook determined the $1,271.50 that Sheldon Morey paid to Marilyn Weglarz was a payment on the debt of Shawn Morey to White Birches. Judge Mook also found the Moreys failed to prove White Birches damaged their personal property.

On April 8, 2014, Sheldon and Elizabeth Morey filed a notice of appeal to the Vermont Superior Court. Sheldon and Elizabeth Morey wrote the basis for the appeal was they did not get a fair hearing before the small claims court. The Moreys again sought repayment of the $1,271.50 and damages for the destruction of their personal property. The Superior Court held a hearing on the appeal on May 29, 2014. Sheldon and Elizabeth Morey were present. The Court allowed Eugene Bisson to participate by telephone.

On a small claims appeal, the Superior Court sits as an appellate court. *See* 12 V.S.A. § 5538 (indicating appeals from small claims court go to the superior court). The Superior Court reviews the decisions of the small claims court for their legal soundness. *See* V.R.S.C.P. 10(d); *see also Riley v. Dempsey*, 425-8-04 Wrcv, 2005 WL 6199155 (Vt. Super. Ct. Jan. 5, 2005) (Teachout, J.) *available* https://www.vermontjudiciary.org/TCDecisionCvl/2005-7-5-7.pdf (discussing standard of review for a small claims appeal).   The Superior Court does not consider new evidence, or hear testimony anew which was already presented to the Small Claims Court. Rather, the Superior Court must uphold the small claims court's determination of facts unless there is no evidence supporting that view. *See Kopelman v. Schwag*, 145 Vt. 212, 213–14 (1984) ("Findings must be construed, where possible, to support the judgment.").

The first issue is whether the record is sufficient for review. The Court does not have a complete recording of the small claims merits hearing from March 13, 2014, which did not become evident until the hearing on the appeal once the Court tried to review the record of the small claims merits hearing.  Neither party brought the recording issue to the Court's attention at the time of the hearing on the appeal, or provided the Court with a written summary of the evidence as they recalled it. *See* V.R.A.P. 10(d).  Where a recording does not exist, the Court may reconstruct the record based on the available information. *See State v. Bain*, 2009 VT 34, ¶¶ 10–11, 185 Vt. 541. In this case, Judge Mook's summary of the evidence combined with the exhibits allows the Court to review the sufficiency of the evidence presented at the small claims merits hearing. The Court therefore relies on the description above for the record review. The parties may submit any supplemental material or corrections to the record within ten days of this order. *See* V.R.A.P. 10(d).

The next issue is whether Judge Mook erred in his determination that Sheldon and Elizabeth Morey failed to prove their claims against Eugene Bisson. Based on Judge Mook's summary of the evidence, there was substantial evidence to support Judge Mook's determination that Sheldon and Elizabeth Morey paid the $1,271.50 as back lot rent owed by Shawn Morey. *See Kopelman*, 145 Vt. at 213–14. Accordingly, although perhaps Sheldon and Elizabeth Morey may have a claim against Shawn Morey, they do not have a claim against Eugene Bisson, in either his personal capacity or as an agent of White Birches.

There was disputed evidence regarding whether either Eugene Bisson or White Birches promised anything to Sheldon and Elizabeth Morey in return for the payment by them of Shawn Morey's back and current lot rent. This Court must defer to the Small Claims Judge's weighing of the credibility of the witnesses on that issue. Furthermore, there is no evidence that any act by either Eugene Bisson or White Birches caused the mobile home to become uninhabitable. Appellants admit the mobile home was uninhabitable, which precluded them from occupying it, yet they failed to establish any factual or legal support for their claim that Eugene Bisson was bound to return the lot rent they paid on behalf of Shawn Morey on account of their inability to move into the damaged mobile home belonging to Shawn Morey. Appellant proceeded under the assumption that Eugene Bisson owned the mobile home, apparently further believing that as the owner he should be held legally responsible for the circumstances that prevented occupancy by himself and his wife. The Court does not need to consider whether or not this theory would have withstood further analysis, since the Small Claims Court concluded that Shawn Morey, not Eugene Bisson, owned the mobile home. As with other issues depending on the weighing of the conflicting evidence, there is support for the Small Claims Court's finding sufficient to preclude any substitution of judgment by this Court.

Finally, the record supports Judge Mook's determination that the Sheldon and Elizabeth Morey did not prove Eugene Bisson damaged their personal property. Therefore, Judge Mook correctly entered judgment in favor of Eugene Bisson and this Court must affirm Judge Mook's decision.

## Order

The parties have ten days to submit any corrections to the Court's reconstruction of the record. If the parties do not submit any corrections, or if the corrections are insufficient to change the outcome, the Court will affirm the judgment of the small claims court.

Electronically signed on June 19, 2014 at 02:30 PM pursuant to V.R.E.F. 7(d).

_____
John P. Wesley
Superior Court Judge